ARCHER et al. v. CULBERTSON.—185 S. W. (2d) 912.

Eastern Section.   November 14, 1944.

Petition for Certiorari denied by Supreme Court, March 3, 1945.

W. J. Barron, of Morristown, for appellants.

John R. King, of Morristown, for appellee.

BURNETT, J. This case involves the title to a house and tract of land in Hamblen County, Tennessee.

The sole question depends on the proper interpretation of the following deed:

"Deed Number One Filed September 27, 1943.

"Know All Men by These Presents: That for and in consideration of the sum of one ($1.00) Dollar to me in hand paid, the receipt of which is hereby acknowledged, and other good and valuable considerations, hereinafter stated, I, the undersigned, Augusta Archer, a widow, have this day bargained and sold, and do hereby grant, bargain, sell, transfer, and convey unto Loretta Archer Livingston, during her natural life, a certain lot or parcel of land situate in the Fourth Civil District of Hamblen County, State of Tennessee, in the Corporation limits of Morristown, bounded and described as follows: (Here follows description)

"To have and to hold the above described premises unto the said Loretta Archer Livingston, during her natural life, as an estate in fee simple, and at her death

said premises are to go to Grover Archer, Luther Archer, Myrtle Archer Morgan, Ada Archer Algey, and Ida Archer Bloomer, and to their heirs and assigns.

"I hereby covenant with the said Loretta Archer Livingston, that I am lawfully seized and possessed of the above described premises; that I have a good and valid right to sell and convey the same; that said premises are free from all incumbrances, and that will forever warrant and defend the title thereto against the lawful claims of all persons whomsoever.

"The other consideration as above mentioned is that said Loretta Archer Livingston is to live with said Augusta Archer during the rest of said Augusta Archer's natural life and take care of said Augusta Archer.

"Said Augusta Archer retains a life's estate in and to the above described premises during the remainder of her natural life, in other words, this deed is not to become effective until after the death of the said Augusta Archer.

"Witness my hand this the 26th day of May, 1938.

"Augusta Archer."

On September 29, 1939, an identical deed was again executed to correct an error in the description. On February 19, 1943, Augusta Archer made another deed to the appellee conveying the same property in fee subject to the life estate of the grantor. A few months thereafter Augusta Archer, the grantor in the respective deeds, died. Complainants are those set forth in the habendum clause of the deed above copied. They claim under this deed. They ask to have this deed construed and the deed of February 19, 1943, declared a cloud upon their title.

The Chancellor apparently applying the old rule of strict construction decreed that the words used in the deed above quoted "do not operate to convey or transfer

the title in remainder from said Augusta Archer to complainants.''

The cause comes to this court because proof was taken below on the mental capacity of Augusta Archer at the time she executed the deed of February 19, 1943. It was held that she was mentally competent. No issue of this question is here involved. The evidence on this question was not preserved.

Counsel for the appellee insists that there is a repugnancy between the granting and the habendum clauses and that this being true the former controls. His insistence is that the only parties of the deed are those mentioned in the granting clause and that the only consideration paid was by the grantee in said clause, Loretta Archer Livingston. We are unable to assent to this view.

■ ''The technical rules of the common law as to the division of deeds into formal parts have long since been disregarded in this state, and the rule is that all parts of the deed shall be examined together for the purpose of ascertaining the intention. In Pryor v. Richardson, 162 Tenn. 346, 37 S. W. (2d) 114, this court held that in the construction of deeds the intention of the grantor is ascertained by consideration of the entire instrument of conveyance and no preference is given the premises over the habendum, and that the estate granted in the premises of the deed may be enlarged or lessened in the habendum. Many of our cases are cited in the opinion in support of these holdings.'' Lockett v. Thomas, 179 Tenn. 240, 243, 165 S. W. (2d) 375, 376.

■ ''The statute, section 3672, Shannon's Code, declares that every grant or devise of land passes the estate in fee, unless the intent to pass a different estate 'shall appear by express terms, or to be necessarily implied in the

terms of the instrument.' Giving effect to this statute, the courts say, in determining what estate the grantor intended to convey, the deed as a whole is to be considered and the intention of the grantor gathered, if possible, by giving all the words used their appropriate meaning. Beecher v. Hicks, 75 Tenn. (7 Lea), 207; Fogarty v. Stack, 86 Tenn. 610, 8 S. W. 846; Teague v. Sowder, 121 Tenn. 132, 114 S. W. 484; Travis v. Sitz, 135 Tenn. 156, 185 S. W. 1075, L. R. A. 1917A, 671.'' Nashville, C. & St. L. Ry. v. Bell, 162 Tenn. 661, 666, 39 S. W. (2d) 1026, 1027. The statute herein referred to is now carried in the Code as section 7597.

Considering this deed as a whole the intention of the grantor is very plain and obvious to us. She grants ''unto Loretta Archer Livingston (now Culbertson), during her natural life'', certain described real property ''To Have and to Hold the above described premises unto the said Loretta Archer Livingston, during her natural life, as an estate in fee simple, and at her death said premises are to go to Grover Archer, Luther Archer, Myrtle Archer Morgan, Ada Archer Algey, and Ida Archer Bloomer, and to their heirs and assigns.'' What could be plainer. It is true that thereafter she made certain provisos as to her care and retains a life estate. These though do not affect the above quoted language in the least.

All of these grantees are children of the grantor. It is not necessary that they pay any consideration for the estate granted and conveyed them. The mother and grantor is now dead. Her life estate is now ended. There is no question raised that she was not cared for by the appellees.

The appellants take a vested remainder under the terms of this deed. This estate is subject to the life estate of the appellee.

We have examined numerous authorities on the subject and find those of this state uniformly reaching the same conclusion we have reached from the case of Beecher v. Hicks, 75 Tenn. 207, at page 213, were it is said:

"The habendum is clearly not repugnant to the premises, but determines the estate granted, and only adds new grantees who take by way of remainder."

In Fogarty v. Stack, 86 Tenn. 610, 8 S. W. 846, a husband conveyed real property to his wife, "and her heirs, in fee-simple, forever." The habendum clause limited her estate and provided in case she predeceased her husband the land was to revert to him. He survived. It was held that even though the respective clauses were repugnant, the habendum clause controlled because it was in accord with the intention of the grantor. The holding of this case was approved in Lockett v. Thomas, supra.

The decree of the Chancellor will be reversed and the costs below and here taxed against the appellee.