McCord *et al. v.* Ransom *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

678

 

GEORGE S. BUCKNER, of Murfreesboro, for appellants.

G. S. RIDLEY and BEN R. KERR, both of Murfreesboro, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill filed in this cause sought a construction of a deed executed by B. F. Ransom and wife in 1888 conveying certain real estate in Bedford County. The bill was filed by Mrs. Bessilee Reagor McCord and Mrs. Ruth Reagor Kipping against Ben F. Ransom, Jr., and Mrs. Pearl Kerr seeking to have their rights determined in said real estate.

B. F. Ransom had four children, namely: Mrs. S. A. E. Binford, one of the grantees in said deed (now deceased), Mrs. S. E. Whitworth, Ben F. Ransom, Jr., and Mrs. Pearl Kerr. Mrs. Whitworth died a number of years ago, leaving surviving one child, Mrs. Nora Whitworth Reagor. Mrs. Reagor died in 1940, leaving as her only heirs at law three children, namely: Mrs. Bessilee Reagor McCord, Mrs. Ruth Reagor Kipping, and one son, Clyde Reagor, who has since died without issue.

The pertinent parts of the deed to be construed are as follows:

"For and in consideration of the natural love and affection I have for my daughter S. A. E. Binford, and the further consideration of one dollar to me in hand paid

the receipt of which is hereby acknowledged I. B. F. Ransom, do hereby sell and convey to S. A. E. Binford all the right, title, claim and interest I have in and to the following described tract or parcel of land lying and being in the 5th Civil District of Bedford County Tennessee, containing by estimation 130 35/160 acres be the same more or less, bounded as follows, . . .

"To have and to hold to the said S. A. E. Binford for and during her natural life and after her death to her son, Frank Binford, and any other child or children, that may hereafter be born to her, the said S. A. E. Binford and in the event she, the said S. A. E. Binford dies without child or children, or her said child or children should die without children then & in that event this land is to be equally divided between my then living children, and the children of such as may be dead, my said grandchild or children, if such there be, taking the share, their parent, would be entitled to if living."

We are of opinion that Mrs. Binford did not take a fee-simple title but took only a life estate. From the deed as a whole, it appears that the grantor intended for his daughter to have a life estate only, and his intention should prevail.

In *Lockett* v. *Thomas*, 179 Tenn. 240, 243, 165 S. W. (2d) 375, 376, this Court said: "The technical rules of the common law as to the division of deeds into formal parts have long since been disregarded in this state, and the rule is that all parts of the deed shall be examined together for the purpose of ascertaining the intention. In *Pryor* v. *Richardson*, 162 Tenn. 346, 37 S. W. (2d) 114, this court held that in the construction of deeds the intention of the grantor is ascertained by consideration of the entire instrument of conveyance and no preference is given the premises over the *habendum*, and that the es-

tate granted in the premises of the deed may be enlarged or lessened in the *habendum*. Many of our cases are cited in the opinion in support of these holdings.''

The above rule is the last expression of this Court, and we feel bound thereby.

It is contended by the complainants that if Mrs. Binford took a life estate under said deed her son and only child, Frank Binford, took a remainder in fee simple; and that upon the death of Frank Binford, who predeceased his mother (she never having had any other children), said remainder interest was inherited by Mrs. Binford from her son for the reason that the remaining provisions contained in the *habendum* clause evidence a purpose on the part of the grantor to tie up the property described in the deed in perpetuity to the fourth generation; and, therefore, the limitation over being in violation of the rule against perpetuity, fails.'

The defendants contend that the grantor did not intend to create a perpetuity, and that by a proper construction of the *habendum* clause the rule against perpetuities is not violated and the limitation over is good.

From the language of the *habendum* clause, the grantor gave the remainder interest in said land to Frank Binford, and any other child or children who might be born to Mrs. S. A. E. Binford. He gave nothing to the children of Frank Binford, but provided that in the event of Mrs. Binford's death without child or children surviving her, or in the event of the death of her child or children without children surviving, ''then & in that event this land is to be equally divided between my then living children.'' The question is: Did the grantor mean the death of Frank Binford without children in the lifetime of his mother, or the death of Frank Binford at any time?

In *Templeton* v. *Stong,* 182 Tenn. 591, 596, 188 S. W. (2d) 560, 562, Mr. Justice GAILOR, speaking for the Court, said:

"When the grantor used the words, 'and in the event of the death of Jessie Templeton,' grantor meant death of his daughter during his wife's life tenancy under the following rule:

" 'That where an absolute estate is followed by the words, "In case he should die without issue," or words of similar import, it is a settled principle of interpretation that they will be understood as referring to death without issue in the lifetime of the testator, if the gift is immediate, or *during the continuance of the life estate if it is not;* and if the devisee survives the testator or the continuance of the intervening estate, his interest becomes absolute and indefeasible.' *Carr* v. *Carr,* 8 Tenn. Civ. App. 410. (Italics ours.)"

In *Carr* v. *Carr, supra,* it was held that where a testator devised lands to A for life, with remainder to R, with proviso that if R should die without children living at his death, then to certain nephews and nieces, the title of R became absolute upon his living longer than the life tenant. The Court said at page 410 of 8 Tenn. Civ. App.: "There is still another rule equally well established, which is in line with the rule announced in the above cases, and which we think applies in the case under consideration, and that is, where the disposition of the property which is devised is preceded by a prior estate for life or years, the death without issue refers to a death occurring during the period of the intervening estate, such as before the death of the life tenant, unless there are words in the will which show that the testator intended to refer to a death occurring before his decease, or at a later date than the termination of the particular estate."

■ Had Frank Binford survived his mother he would have been entitled to a fee-simple estate, but since he died in the lifetime of his mother without children, the limitation over is valid.

We are of opinion that the *habendum* clause of the deed should be construed to provide that should the said Frank Binford die in the lifetime of his mother without children, then and in that event said land was to be divided equally between the children and grandchildren of the grantor. This saves the deed from violating the rule against perpetuities. We are also of opinion that the gift over to the children and grandchildren of the grantor is valid.

■ We are further of opinion that the limitation over was conditioned upon the death of the life tenant, Mrs. S. A. E. Binford, without child or children surviving her; and without such child or children having had children during the lifetime of the said Mrs. S. A. E. Binford, there was no perpetuity created. The words "children and grandchildren" do not include great-grandchildren. Therefore, B. F. Ransom having no children surviving, and the defendants, Ben F. Ransom, Jr., and Mrs. Pearl Ransom Kerr, being the only children surviving at the date of the death of Mrs. S. A. E. Binford, are vested with the fee-simple title to the land in question.

It results that the decree of the chancellor is affirmed.

NEIL, C. J., and TOMLINSON & BURNETT, JJ., concur.

CONCURRING OPINION.

MR. JUSTICE GAILOR, J., delivered the following concurring opinion.

In the premises or granting clause of this deed, the Grantor created a fee simple by conveyng to S. A. E. Binford "all the right, title and claim and interest I

have," and in the *habendum* the Grantor undertook to cut down this fee simple to a life estate by the following language: "To the said S. A. E. Binford for and during her natural life and after her death, to her son, etc." Where, as here, there is an irreconcilable conflict between the fee simple estate created by the granting clause and the lesser estate conveyed in the *habendum*, the common law rule (*Beecher* v. *Hicks*, 75 Tenn. 207, 211) was that the *habendum* was void and that the conveyance in the granting clause was effective to create an estate in fee simple in the Grantee. While declaring that in Tennessee the strictness of common law conveyancing has been abandoned, two of our reported cases have applied the rule stated above and given different reasons for so doing. In the case of *Teague* v. *Sowder*, 121 Tenn. 132, 114 S. W. 484, there was found an irreconcilable conflict between the estate created by the granting clause and that created by the *habendum*. In the granting clause the conveyance was to certain parties, "Their heirs and assigns forever," and in the *habendum* this fee simple estate was cut down to a life estate by providing that the property should go to these parties "their lifetime and *their* to their heirs and assigns forever" (the italicized "their" is either a misprint or mistake (121 Tenn. at page 139, 114 S. W. at page 487) and the intention was to make the limitation "their lifetime and *then* to their heirs and assigns forever") The Court held that on account of the irreconcilable conflict between the premises and the *habendum*, and on account of the fact that by a consideration of the entire deed it was impossible to determine the Grantor's intention, that therefore, the old common law rule had to be applied, and effect given to the estate created in the granting clause and the *habendum* voided as under-

taking to create a lesser estate. *Beecher* v. *Hicks*, 75 Tenn. at page 211, *supra*.

In the case of *Pryor* v. *Richardson*, 162 Tenn. 346, 347, 37 S. W. (2d) 114, the pertinent part of the granting clause of the deed under consideration contained a conveyance of ''all the right, title, claim and interest,'' and in the *habendum* an attempt was made to cut this down to a life estate with remainder to children. Judge Mc-Kinney, speaking for the Court, discussed at length the cases showing our departure from the old rules of the common law, but in disposing of the case, in spite of the doctrine of liberality, he voided the *habendum* and approved the fee simple created by the granting clause, holding that there the Grantor having conveyed all his '' 'right, title, claim and interest' . . . there was nothing left in the grantor,'' (162 Tenn. at page 349, 37 S. W. (2d) at page 114) and the Grantee of the granting clause took a few simple absolute. So the result reached was the same as in *Teague* v. *Sowder*, *supra*, but the reason given for reaching that result was different. And although both cases declared that Tennessee had departed from the old strictness of the common law, both these cases were decided on one of the most arbitrary of its rules.

In 1942, in *Lockett* v. *Thomas*, 179 Tenn. 240, 165 S. W. (2d) 375, the Court had for construction a deed in which the pertinent part of the granting clause was that Grantors ''have this day bargained and sold and do hereby grant and convey unto the party of the second part. . . . '' Under Code sec. 7597 this language created a fee. In the *habendum*, however, this fee was cut down to a life estate in ''the party of the second part,'' with remainder to his named daughter. It was insisted that the language of the granting clause created an estate in

fee simple, and that the attempted limitation in the *habendum* was void. This Court rejected this argument, ignored the granting clause and enforced the conveyance in accordance with the estate created in the *habendum*.

It is impossible for me to see how the case of *Pryor* v. *Richardson, supra,* can be authority for that disposition, but it is used for that purpose. It seems to me that the decision in *Lockett* v. *Thomas, supra,* uses the dicta and not the decisions in *Pryor* v. *Richardson* and *Teague* v. *Sowder,* as authority for deciding the case. However, the rule made in *Lockett* v. *Thomas, supra,* which was followed in *Archer* v. *Culbertson,* 28 Tenn. App. 52, 185 S. W. (2d) 912, is the latest expression of this Court, and is, therefore determinative of this case.