HALL *et al. v.* CROCKER.

(*Jackson,* April Term, 1951.)

Opinion filed June 16, 1951.

Rehearing denied July 27, 1951.

A. Bradley Frazier, of Camden, for appellants.

Peeler & Hollis, of Camden, for appellee.

 

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a suit to construe a deed and have the rights of the complainants declared therein. The bill was demurred to for want of equity on its face; because under the provisions of the deed these provisions are repugnant to a fee simple estate and are ineffective, invalid and void; because under the provisions of the deed in question they are in restraint of and a restriction on alienation of the land conveyed; because under the terms of the deed they are so uncertain as to render it ineffective, invalid and void and because the complainants have no right, title, claim or interest in the land described in the bill. The Chancellor sustained the demurrer as a whole and the complainants have seasonably appealed to this Court and assigned errors.

The pertinent portions of the deed which is exhibited to the bill of complaint is: "That I, W. L. Morris, have this day bargained and sold and do hereby transfer and convey to Mrs. Leehentz Bowles, her heirs and assigns forever, for the consideration of Love and Affection Dollars paid and secured to be paid as follows" (Then follows the description of the land conveyed. Immediately after the description of the land the following paragraph follows without any punctuation whatsoever.) "It is hereby expressly agreed and understood that should the said Leehentz Bowles desire to sell this land or should she die then the said W. L. Morris or his legal

representatives shall have the exclusive right to buy the same at the actual cost of improvements on said land should he so desire."

"To have and to hold to the said Leehentz Bowles her heirs and assigns forever."

Then follows the usual covenants of seizin. The deed was signed and acknowledged and recorded on the same day that it bears date.

The bill alleges that Mrs. Bowles has very recently died and that the complainants are the heirs at law of W. L. Morris and that they have a right to purchase this property at the "actual cost of improvements" as provided in the terms of the deed above quoted. They allege that they have made investigation and find that the "actual cost of improvements" is $1100.00 and that it is to their advantage to pay this for the land. They pray for a receiver and accounting since the death of Mrs. Bowles and that they be allowed the rents, etc., since that time upon their payment of the amount of the "actual costs of the improvements" on the property.

We in this State disregard the technical rules of common law as to formal parts of a deed and examine the deed in all its parts to ascertain the grantor's intention, so that the estate conveyed may be enlarged or lessened in the habendum clause. *McCord* v. *Ransom,* 185 Tenn. 677, 207 S. W. (2d) 581. This case is the last expression on the questions raised by the demurrer. The case distinguishes a number of the other cases cited by the appellees in support of their various grounds of demurrer.

The deed here in question is a general warranty deed and an effective conveyance of the property in question unless the clause quoted immediately before

the habendum clause is violative of the rule against perpetuities. The clause is merely an option to re-purchase retained by the grantor in this deed. This option is a right of election in the grantor to exercise a privilege, and only when that privilege has been exercised by acceptance in the manner specified in the option does it become an absolute contract, binding upon both parties. It is simply a contract by which the grantor retains in himself the right to buy this property at a fixed price within a certain time. Such an option may be taken unless it violates the rule against perpetuities. Does the provision in question violate the rule against perpetuities? We think it does not. Such an option must be fulfilled within the period of lives in being and 21 years and the period of gestation. If the option may extend beyond such a time it is void, but if it must take effect at all events within a life or lives in being and 21 years and the period of gestation, it is valid. *Armstrong* v. *Douglass,* 89 Tenn. 219, 14 S. W. 604, 10 L. R. A. 85.

For a rather complete academic discussion of the subject see Restatement of the Law, Property, Sections 370-403 and especially Section 394 which is found at page 2322 of the Volume in question. The most extensive and satisfactory discussion which we have found upon the rule against perpetuities where an option is retained is *Barton* v. *Thaw,* 246 Pa. 348, 92 A. 312, Ann. Cas. 1916D, 570.

█ █ If the option in question had stopped with an option to buy when it was said that the said ''Bowles desire to sell this land'' then unquestionably this option would have been violative of the rule against perpetuities and void because she might desire at any time to sell it and yet she or her heirs might never desire to sell it.

Such contracts are universally held to be within the inhibition of the rule against perpetuities. A contract which by possibility may not take effect until after lives in being and 21 years and the period of gestation is ipso facto and ab initio void. In other words the interest is void for remoteness if, at its creation, there exists a possibility that it may not take effect during any fixed number of now existing lives, nor within 21 years and the period of gestation after the expiration of such lives, even though it is highly probable or indeed almost certain, that it will take effect within the time prescribed. The language used in the option in the instant case though goes further and fixes a definite time within this prescribed period when the optionee may exercise this option. The language of the contract says that "should die" that then Morris or his representatives have the exclusive right to purchase this land. This is a fixed time within the prohibitive period. Of course under the laws of nature Mrs. Bowles must die and she is a party living when the contract is made and the option must be exercised when she dies or in her life if at all, consequently the option in question does not violate the rule against perpetuities.

For the reasons assigned the case must be reversed and remanded for further proceedings consistent with this opinion.

All concur.

### On Petition to Rehear.

A courteous, respectful and dignified petition to rehear has been filed herein. This petition again calls our attention to the question, and said to be the only question, raised by the demurrer to the bill of complaint which was

sustained by the Chancellor that the clause quoted from the deed in the original opinion was a restraint upon alienation and therefore void. We very earnestly considered this question originally, the authorities cited by counsel in their briefs, and made in addition thereto an extended independent investigation on the question.

Frankly we felt that by the opinion it was made known to the parties that we did not consider the clause quoted in the original opinion as such a restraint upon the alienation of the property as to be void. We cannot see why parties to this deed did not have the right to enter into an option to repurchase this property so long as this option did not violate the rule against perpetuities. We do not think that it can be questioned that the parties independently of the deed could have entered into a binding option to repurchase this property so long as the option did not violate the rule against perpetuities. The reason for the application in some cases of the rule that a restraint on the alienation in a deed is void is because that when such a restraint is placed in the conveyance that then this prohibits the parties from selling or transferring the property as they see fit. The rule holding that a restraint on alienation is thus void is very close akin to the rule against perpetuities. The two may be considered somewhat in the same light. Since parties may enter into an option, so long as it does not violate the rule against perpetuities, then we see no reason why such an option might not be placed in a deed conveying the property. If at the time such option may be executed the parties who have the option to purchase do not wish to purchase under the terms of the option then of course the grantee in the deed has the perfect right to convey the property as they see fit. If such an option was inde-

pendently taken and recorded it would likewise be a restraint on alienation, that is, the party could not sell without having a release from the option. It thus seems to us that an option of the kind when taken and agreed to by the parties, as it must have been in this case when they accept the deed containing the option therein and record it and live under it, that there was an agreement between them and if the option is valid it may, if those holding the option desire, be enforced. It is for these reasons that we think the clause contained in this deed does not constitute such a restraint upon the alienation of the property as to be void.

The bill in this cause prayed for a declaration of the rights of the parties. It was for this reason that we set forth in the original opinion the rights of the parties. For the reasons above stated the petition to rehear must be denied.