# LUCILE HIGGINSON v. DUDLEY SMITH.—272 S. W. (2d) 348.

Middle Section.  August 27, 1954.

Petition for Certiorari denied by Supreme Court, November 16, 1954.

224

E. A. Langford, of Cookeville, and Ray Hollis, of Waynesboro, for appellant.

Hillard M. Roberts, of Livingston, for appellee.

FELTS, J.  These parties were formerly husband and wife, later divorced, and thereafter complainant filed this bill averring that during their marriage a house and lot in Livingston had been conveyed by deed to them as tenants by the entirety; that upon their divorce they became tenants in common; and she sought to have the property sold for partition.

Defendant filed an answer denying that the property had been conveyed to them as tenants by the entirety, and insisting that the deed conveyed the entire fee simple estate to him and she had no interest therein; and by cross bill he sought a construction of the deed and a removal of her claim as a cloud on his title.

The cause was heard orally before the Chancellor according to the form of chancery.  He filed an opinion reviewing the authorities and construing the deed.  He held that the granting clause, which conveyed the whole

fee simple estate to defendant, was irreconcilable with the *habendum* and the covenant, which were to both parties; and that, therefore, the granting clause prevailed, and passed the whole fee simple estate to defendant and complainant had no interest therein.

Complainant appealed and has assigned errors insisting that the proper construction of the deed is that it conveyed the property to the parties as tenants by the entirety and they became tenants in common upon their divorce. The pertinent parts of the deed are as follows:

"For and in consideration of the sum of (*$750.00*) *Seven Hundred fifty dollars, cash in hand paid,* the receipt of which is acknowledged, we Sid Eldridge and Roshia Eldridge, his wife, *paid by Dudley Smith* have this day bargained and sold and by these presents *do transfer and convey unto Dudley Smith and his heirs and assigns* a certain tract or parcel of land in sixth civil district of Overton County, Tennessee, as follows: (Description follows)

"To have and to hold the said tract or parcel of land with the appurtenances, estate, title and interest thereto belonging *to the said Dudley Smith and wife heirs and assigns forever and we do covenant with the said Smith* that we are lawfully seized and possessed of said land in fee simple have a good right to convey it and the same is unencumbered.

"And we do further covenant and bind ourselves and heirs and representatives to warrant and forever defend the title to said land *to the said Smiths their heirs and assigns* against the lawful claims of all persons whomsoever." (Italics supplied.)

It is the duty of the court to construe the deed, if possible, so as to give effect to its several parts and avoid

rejecting any of them, upon the presumption that the parties intended every part of it to have effect.

■ The technical rules of the common law as to the division of deeds into formal parts have long since been disregarded in this state, and the rule now is that all parts shall be examined to ascertain the intention. Lockett v. Thomas, 179 Tenn. 240, 243, 165 S. W. (2d) 375; Archer v. Culbertson, 28 Tenn. App. 52, 185 S. W. (2d) 912; McCord v. Ransom, 185 Tenn. 677, 207 S. W. (2d) 581; Hall v. Crocker, 192 Tenn. 506, 241 S. W. (2d) 548.

" 'According to the trend of modern decisions, the technical rules of the common law as to the division of deeds into formal parts will not prevail as against the *manifest intention of the parties as shown by the whole deed.'* " (Italics added.)   Ballard v. Farley, 143 Tenn. 161, 164, 226 S. W. 544.

■ Under this rule, "the estate conveyed by the granting clause, standing alone, may be enlarged or lessened in the habendum if, considering the instrument as a whole, such appears to have been the intention of the parties." (Citing numerous cases.)   Quarles v. Arthur, 33 Tenn. App. 291, 295, 231 S. W. (2d) 589, 591.

■ But if the deed, considered as a whole, shows no such intention, then the common law rule still prevails, that "if the habendum clause is in conflict with the estate granted in the granting clause, it must be rejected." Teague v. Sowder, 121 Tenn. 132, 160, 161, 162, 114 S. W. 484, 491.

Referring to this common law rule Chief Justice Green, in Phoenix Mutual Life Ins. Co. v. Kingston Bank & Trust Co., 172 Ten. 335, 343, 112 S. W. (2d) 381, 383, said:

"It is well settled by our cases that where an irreconcilable conflict exists between the granting

clause of a deed and subsequent clauses thereof, the granting clause will prevail. Teague v. Sowder, 121 Tenn. 132, 114 S. W. 484; Ballard v. Farley, 143 Tenn. 161, 226 S. W. 544; Hicks v. Sprankle, 149 Tenn. 310, 257 S. W. 1044.''

Looking to the words of the deed before us, it is clear that the granting clause, which was ''unto Dudley Smith and his heirs and assigns,'' conveyed the fee simple estate to him alone. It is equally clear that the habendum and covenant, running to both parties, would make them tenants by the entirety.

That is to say, the whole fee simple estate conveyed to him by the granting clause would be cut down by the habendum and covenant to the lesser estate of a tenancy by the entirety. Otherwise stated, there is an irreconcilable conflict and repugnancy between the granting clause and the habendum.

Looking to the deed as a whole, we find nothing to indicate an intention of the parties to make the habendum and covenant prevail over the granting clause, or to make them lessen the estate conveyed by the granting clause. On the contrary, the recital that the consideration was paid by Dudley Smith would raise a presumption, nothing else appearing, that the parties intended that he should have the entire fee simple estate in the property.

So, in the absence of any showing of an intention of the parties that the estate conveyed by the granting clause should be lessened or cut down by the habendum and the covenant, the common law rule must control, and the granting clause will prevail. Such was the reasoning of the learned Chancellor and we fully concur therein.

Learned counsel have discussed numerous other cases in their briefs. We need not review them. The construc-

tion of every deed depends upon its particular language and one case can hardly be a controlling precedent for any other.

The assignments of error are overruled, the decree of the Chancellor affirmed, and the costs of the appeal are adjudged against appellant and the sureties on her appeal bond.

Howell and Hickerson, JJ., concur.