# RAYMOND THORNTON v. FREED THORNTON.—282 S. W. (2d) 361.

Western Section. April 22, 1955.

Petition for Certiorari denied by Supreme Court, August 2, 1955.

226

Ashley & Ashley, of Dyersberg,.for appellant.

Weakley & Weakley, of Dyersberg, for appellee.

BEJACH, J. This case involves a suit brought by Raymond Thornton in the Chancery Court of Dyer County against his brother, Freed Thornton, to determine the rights of said brothers in a tract of land consisting of 22.61 acres of land in Dyer County, Tennessee. The parties will be styled as in the lower Court, complainant and defendant.

T. J. Thornton, the father of complainant and defendant, on May 9, 1931, signed, acknowledged and recorded an instrument conveying the property here involved. This deed, as was held by the Chancellor in the lower Court, conveyed the property to Mrs. Freddie Thornton, wife of the grantor and stepmother of the parties to this suit, for and during her natural life, with a reversion to the grantor if he should out live her, and with a provision that if he did not out live her, the. property should go to Freed Thornton and his heirs in fee simple.

The bill as filed asserted four contentions on behalf of complainant, viz., (1) that the instrument in question is not a valid deed; (2) that the instrument was never legally delivered; (3) that there was no consideration for the conveyance so far as defendant is concerned, and (4) if the instrument is a valid conveyance, it constitutes an advancement made to the defendant by T. J. Thornton, his father, and that complainant is entitled to have it considered in the settlement of the estate of said T. J. Thornton and charged against the interest of Freed Thornton in the division of their father's estate. The only other property of their father's estate is a tract of land containing 28 acres. This tract is not involved in the present suit; but the record discloses that it was subject to a mortgage at the time of T. J. Thornton's death in 1938, in which situation it was awarded to Mrs. Freddie Thornton as homestead. She already held a life estate in the 22.61 acre tract under the deed involved in this cause. Mrs. Thornton died in 1950, and the record discloses that since her death the 28 acres has been held by complainant and defendant as tenants in common. No partition of this 28 acre tract is sought in the instant case.

Defendant made a motion to dismiss complainant's bill, which motion was overruled. The defendant then answered, contending in his answer that the conveyance is valid, was properly executed and properly delivered and that under the terms of same, Freed Thornton became the absolute owner of the property therein conveyed, as a gift and not as an advancement. Defendant, in his answer, also specifically pleads estoppel and res adjudicata by reason of a former proceeding in the Probate Court of Dyer County, Tennessee, had after the death of T. J. Thornton, in which Mrs. Freddie Thornton, stepmother of complainant and defendant, filed a petition to have

homestead and dower assigned to her. This petition alleges that the 28 acre tract was at that time all of the property owned by T. J. Thornton. Complainant was made a defendant to that petition and allowed a pro confesso judgment to be taken against him. The questions of estoppel and res adjudicata need not be considered in this Court because, although same were decided against defendant, the decision of the Chancellor was in favor of the defendant on other grounds, which other grounds are themselves sufficient for disposition of the cause in this Court.

The Chancellor decided the case in favor of the defendant. He filed a written opinion and finding of facts, which is incorporated in and made part of the record in this cause. Complainant has appealed and filed in this Court twelve assignments of error.

For the purposes of this opinion, it is not necessary to take up each of the twelve assignments of error, and dispose of them separately. They divide themselves into three groups, viz., (1) the construction and validity of the deed to the property involved; (2) the question of whether or not the property conveyed by the deed to defendant, Freed Thornton, constitutes an advancement; (3) the admissibility of testimony offered at the trial. Group one includes assignments of error numbers 1, 2, 3 and 4. Group two includes assignments of error numbers 5 and 6, and group three includes assignments of error numbers 7, 8, 9, 10, 11 and 12. The questions concerning the admissibility of testimony which the Chancellor admitted over the objection of complainant are so closely connected with the question of whether or not the conveyance to defendant should be considered as an advancement, that to a considerable extent, groups 2 and 3 may be treated together. The cause was heard in the Chancery

Court on oral evidence which has been preserved by a bill of exceptions. The testimony in the record is also so closely connected with that part of the first group, involving the question of whether or not there was a delivery of the deed, that to a certain extent, it overlaps not only group 2 but group 1 as well, and the opinion will accordingly discuss such parts of the testimony as are applicable to either of the other groups in disposing of them.

The questions involved in the first group of assignments of error have to do with construction of the deed, with the question of consideration for same, and with the question of whether or not the deed in question was ever legally delivered.

■ With reference to construction of the deed here involved, the paramount rule of construction, to which all others are subservient, is that the intention of the grantor is to be sought and determined by examination of the entire instrument, without regard to technical parts or divisions of the deed, by consideration of the entire instrument, read in the light of the surrounding circumstances. Templeton v. Stong, 182 Tenn. 591, 594, 188 S. W. (2d) 560; McCord v. Ransom, 185 Tenn. 677, 207 S. W. (2d) 581; LaRue v. Greene County Bank, 179 Tenn. 394, 166 S. W. (2d) 1044; Thompson v. Turner, 186 Tenn. 241, 209 S. W. (2d) 25; Quarles v. Arthur, 33 Tenn. App. 291, 231 S. W. (2d) 589; Archer v. Culbertson, 28 Tenn. App. 52, 185 S. W. (2d) 912; Hall v. Crocker, 192 Tenn. 506, 509, 241 S. W. (2d) 548; Hutchison v. Board, 194 Tenn. 223, 250 S. W. (2d) 82.

■ A conveyance should operate, as nearly as possible, to produce the effect intended by the parties as shown upon the face of the deed. Runions v. Runions, 186 Tenn. 25, 207 S. W. (2d) 1016, 1 A. L. R. (2d) 242.

■ There is no better test of the intention of an in-

strument, such as a deed, than the construction placed thereon by the parties thereto. Jones v. Mabry, 32 Tenn. App. 675, 225 S. W. (2d) 561.

There is nothing complicated about the language of the deed here involved, except perhaps a matter of repetition contained in the habendum clause, which is:

"To have and to hold the said property unto the said Freddie Thornton for and during her natural life, and at her death, said property, herein conveyed should revert to the grantor, herein, and should he die before the said Freddie Thornton, the said property shall go to Freed E. Thornton with all improvement, tenements, hereditaments, right, privileges and appurtenances thereunto belonging to the said Freddie Thornton for and during her natural life and at her death said property, herein conveyed shall revert to the grantor, herein, and should he die before the said Freddie Thornton, said property shall go to Freed E. Thornton, his heirs and assigns, forever."

The deed recites a consideration of "one dollar ($1.00) cash in hand received, the receipt of which is hereby acknowledged, and the further consideration of the love and affection I have for my wife, Freddie Thornton." The habendum clause quoted above shows a repetition which perhaps was entirely the fault of the draftsman of the instrument, but we find no difficulty in construing the language as did the Chancellor as conveying a life estate to Freddie Thornton, with a reversion to the grantor, T. J. Thornton, and a contingent remainder in fee simple to Freed Thornton, the defendant in this cause. As to circumstances surrounding the parties at the time of the transaction, the record discloses that the grantor, T. J. Thornton, filed a petition in bankruptcy, and was adjudicated a bankrupt on November 25, 1931, which was

more than six months after the date of the deed here involved. In said petition in bankruptcy, he swore that the only real estate owned by him was a separate 28 acre tract not involved in this case. This is the 28 acre tract, referred to above as being held by complainant and defendant as tenants in common. This 28 acre tract of land was awarded to Mrs. Freddie Thornton for homestead, as widow of T. J. Thornton, in connection with the petition in the Probate Court of Dyer County, referred to above. It was, at her death, inherited by Raymond Thornton and Freed Thornton who have collected the rents therefrom, dividing same equally. This was the only other property left by T. J. Thornton at his death, and if complainant's contentions with reference to treating the property involved in this cause as an advancement to Freed Thornton should be sustained, it would result in an adjustment of the rights of the parties to this cause, in and to the 28 acre tract of land.

██ With reference to the question of consideration for the deed here involved, the law is that where the grantees are children of the grantor, it is not necessary that they pay any consideration to the grantor for the estate granted. Archer v. Culbertson, 28 Tenn. App. 52, 185 S. W. (2d) 912. Aside from the question of the grantees, under the deed here involved, being the wife and one of the sons of the grantor, it is not necessary for the validity of a deed that it express any consideration therein. Thomas v. Hedges, 27 Tenn. App. 585, 183 S. W. (2d) 14.

In addition, the testimony of six witnesses, admissibity of some of which will be hereinafter discussed, shows that the consideration for the gift of a contingent remainder to the defendant, Freed Thornton, was the grantor's expressed desire to make up to defendant for monies pre-

viously expended by grantor on his other son, the complainant in this cause.

■ With reference to delivery of the deed in question, registration of a deed for more than twenty years, which is applicable in the instant case, raises a presumption of delivery. Thomas v. Hedges, 27 Tenn. App. 585, 183 S. W. (2d) 14, 15.

■ ■ Delivery is a matter of intention manifested by conduct, words, and acts of the grantor, and is to be inferred from all circumstances appearing. Cox v. McCartney, 34 Tenn. App. 235, 236 S. W. (2d) 736. The testimony of the witnesses with reference to circumstances surrounding the execution of the deed, and with reference to consideration, also indicate an intentional delivery of the deed by the grantor. Indeed, as the complainant, himself, did not testify and did not offer any proof to the effect that the deed had not been delivered, we think the question of delivery is conclusively foreclosed against him.

Assignments of error 1, 2, 3 and 4 are overruled.

The second group of assignments of error, being assignments numbers 5 and 6, raise what the Chancellor considered the only serious question in this law suit, viz., whether or not the conveyance to defendant, Freed Thornton, should be treated as an advancement. We agree with the Chancellor that this is the only serious question involved in this cause. Along with the question of advancement, we will also discuss the admissibility of testimony bearing on the subject.

The public policy of the State of Tennessee is definitely in favor of consideration of conveyances as being advancements. The law on this subject is set out in Sections 8402 and 8402a of the Code of Tennessee, which are as follows:

"Equality in dividing estates.—Absolute equality shall be observed in the division of the estates of deceased persons, except where a will has been made, and its provisions render equality impossible.

"Advancements to be collated.—All advancements, whether by settlement or otherwise, in the lifetime of deceased, or by testamentary provision, shall be collated and brought into contribution in the partition and distribution of the real and personal estate of the deceased; those in real estate, first in the partition of real estate, and those in personal estate in the distribution of the personal estate."

Since the Tennessee Statute creates a presumption that any transfer or conveyance of property by a parent to a child is to be treated as an advancement, the burden of proof is on such child to show by competent evidence that the transfer or conveyance made by a parent to him is not to be treated as an advancement. Johnson v. Patterson, 81 Tenn. 626; Laman v. Craig, 30 Tenn. App. 353, 206 S. W. (2d) 309.

The defendant in the instant case has undertaken to carry this burden of proof by the testimony of six witnesses,—himself and his wife, and four other, the last four being entirely disinterested witnesses.

Defendant, himself, testified that his father stated at the time of making the conveyance that he wanted him, defendant, to have this 22.61 acres over and above his equal share in the balance of intestate's estate. The testimony of defendant's wife corroborates his own testimony.

In addition, the witness Ida May Hutcherson, a daughter of the stepmother of complainant and defendant, by a former marriage, testified that she visited in the home of the grantor and her mother, often, that the grantor declared his intention to make the deed as a gift and not as

an advancement, not more than four or six weeks before it is dated; and that he stated that he had made the deed with that intention, on her next visit, not more than four or six weeks later. Mrs. Johnny Cook, another stepsister of the complainant and defendant, testified that the grantor told her on two occasions, one about two weeks before the date of the deed, and the other about one week before its date, that he intended to make the deed to defendant because he had been out so much money on the complainant. She also testified that he made the same declaration as to the purpose of the conveyance about two weeks after its date.

Mrs. Bessie Jones, a neighbor of the grantor at the time of the conveyance, testified that in the spring of 1931, at or about the time that the deed was executed, on May 9, 1931, the grantor declared to her and to her deceased husband, that he was going to make the deed to offset the expense he had been out on complainant, and that if he gave defendant all of it, the defendant would still not receive enough to offset what grantor had been out on complainant. She also testified that grantor told her that he had made the deed, not over a week after its date, again declaring his reasons for and intentions in doing so.

Elton Cook, who resided in the home of the grantor when the conveyance was made, testified that the grantor told him, not more than a month or six weeks before the date of the deed, that he intended to make a conveyance to his wife until her death, and then to the defendant. He also recalled that on the very day that the deed was executed, the grantor left home to come to Dyersburg, and after his return to his residence that night, he told this witness that he had made the deed on his trip to Dyersburg. He also testified that about a week or ten

days later, the grantor declared to him that his purpose in making the deed the way he had done, was to equalize the defendant with the complainant because he had been out so much money to complainant that he felt that defendant was due the property.

Complainant has objected to the admission of the testimony of these various witnesses, and six of his twelve assignments of error are directed to that objection. The main ground of his objection was that such testimony was admissible only if it constituted part of the res gestae, and that the testimony in this case failed to comply with that requirement.

As was stated by the learned Chancellor in his opinion,

"In [Tennessee Central] Railroad [Co.] v. Graves [Gleaves], 2 Tenn. App. 549, which is a Tennessee case, it is stated that it is impossible to lay down a general rule as to what constitutes a part of the res gestae, and it must be left in great measure to the discretion of the trial judge in such cases. And likewise in National Life and Accident Insurance Co. v. Follette [Follett] 168 Tenn. 647 [80 S. W. (2d) 92], it is stated as follows:

" 'Likewise contemporaneous is not to be taken in its strict meaning, nor time the only criterion for determining whether a thing said or done is a part of the res gestae' ."

If the evidence thus admitted by the Chancellor be to a certain extent vague and indefinite, the complainant is, himself, responsible for the circumstance that after a lapse of more than twenty years, such evidence is the best obtainable. The recorded instrument was notice to him from May 9, 1931, to the date of filing of his bill on June 27, 1951. He could have filed the suit before his father's death in 1938 and had the benefit of his father's

testimony on the subject. He could have made his claim in 1938 when homestead was set apart to his stepmother, in which proceeding the stepmother had alleged that the 28 acre tract of land, which complainant and defendant now hold as tenants in common, was the only real property owned by the father of complainant and defendant, in which event he could have had the benefit of her testimony at that time. Finally, he could have filed his suit at any time before his stepmother died in 1950, or before the death of C. C. Lee, the attorney who drew the deed, as is disclosed by the record. Certainly, the long delay of complainant must be attributed to him as laches. Under all the circumstances of this case, we think the learned Chancellor was not in error in admitting the testimony objected to and in finding as a fact that the conveyance to defendant should not be treated as an advancement.

There is another reason which should cause this Court to reach the same result, independent of whether or not the testimony objected to was admissible. This is determined by the very nature and character of an advancement.

The definition of an advancement is, as given in 1 Am. Jur., Advancements, p. 715, Sec. 3:

"In its strict technical sense an advancement is a perfect and irrevocable gift, not required by law, made by a parent, during his lifetime, to his child, with the intention on the part of the donor that such gift shall represent a part or the whole of the donor's estate that the donee would be entitled to on the death of the donor intestate."

As defined in Pritchard on Wills, Section 768:

"An advancement is an irrevocable gift made by a parent to a child in total or partial anticipation of such child's future share in the parent's estate, and

to be taken into account in the final distribution or partition thereof."

In Johnson v. Patterson, 81 Tenn. 626, at pages 632-633, our Supreme Court defined an advancement as follows:

"An advancement is defined by the authorities to be, 'An irrevocable gift by a parent, who dies afterwards intestate, of the whole or a part of what is supposed the child will be entitled to on the death of the parent making the advancement': See Yancey v. Yancey [Yancy v. Yancy], 5 Heisk. 357; Meig's Digest by Millikan, Vol. I, page 74, Section 11, and Waits Act. & Def., Vol. I, 205, Sec. 1 and cases cited. A shorter definition is, a gift by a parent in presentae, of a portion or all of the share of his child in his estate which would fall to such child at the parent's death by statute of distribution or descent."

This definition is quoted with approval by this Court in the opinion written for it by Baptist, J., in Laman v. Craig, 30 Tenn. App. 353, at page 370, 206 S. W. (2d) 309.

The deed involved in the instant case conveyed to defendant, Freed Thornton, a contingent remainder only. If the grantor, T. J. Thornton, had survived his wife, Mrs. Freddie Thornton, to whom the deed granted a life estate, the property would have reverted to him, and defendant, Freed Thornton, would have received nothing. In that sense the gift certainly can not be said to have been an irrevocable one, nor can it be said to have been a gift in presentae. For these reasons, we think that, independent of the testimony of the witnesses, the conveyance of a contingent remainder to Freed Thornton must be so construed as to indicate, on the part of T. J. Thornton, an intended gift over and above the share which Freed Thornton would inherit. The interest con-

veyed by this deed should not be treated as an advancement.

All assignments of error are overruled and the decree of the Chancellor is affirmed. The cost of the appeal will be paid by the complainant, Raymond Thornton, as appellant, and the surety on his appeal bond.

Avery, P. J. (W.S.), and Carney, J., concur.