Mrs. Mary Grayson et al.

*v.*

Mae Holloway.

(*Nashville,* December Term, 1957.)

Opinion filed April 9, 1958.

A. A. KELLY, South Pittsburg, for complainants.

SAM P. RAULSTON and F. NAT BROWN, Jasper, for defendant.

Mr. Chief Justice Neil delivered the opinion of the Court.

This appeal involves the proper construction of a deed duly executed by A. J. Holloway and wife "Manervy" Holloway to G. P. Holloway, purporting to convey to him a certain tract of land (70 acres more or less), the consideration being "the said G. P. Holloway is to take care of the said A. J. Holloway and Manervy Holloway as long as they live and at their death to pay all funeral and burial expenses, and said deed is to become a warranty deed." The foregoing is the "granting clause in the deed".

The "habendum" clause is "To have and to hold the same to the said G. P. Holloway and wife Mae Holloway and their heirs and assigns forever".

The complainants filed their original bill in the Chancery Court against Mae Holloway charging that they are the lawful heirs of A. J. Holloway, now deceased, and that the defendant, Mae Holloway, is the widow of G. P. Holloway; that under the aforesaid deed they own the fee simple title to the land in question subject to homestead and dower of the defendant. The prayer of the bill is that the lands be sold for partition.

The defendant, Mae Holloway, filed an answer and cross-bill in which she denied that she is entitled to only "homestead and dower", as charged in the original bill. She insists in her answer that the deed in question conveyed an estate by the entireties and that she, having survived her said husband, is the owner of a fee simple title to the land. She therefore denies "that the complainants have a right to have the property sold in lieu of partition."

The cross-bill charges that she paid the purchase price of $700 and that, under the terms of the deed, the grantors intended to convey an estate by the entireties. She charges that A. J. Holloway and wife, Minerva, were advanced in years and that prior to the execution of the deed they discussed with defendant and her deceased husband their personal needs and it was agreed that cross-complainant and her husband "would move onto the farm" and care for the old people; that the draftsman of the deed was instructed by A. J. Holloway and wife, Minerva, to make the deed to cross-complainant and her husband "so that upon the death of either the title would vest in the survivor." The cross-bill charges that she, Mae Holloway, "cared for them when they were sick, cooked their meals and spent much time and made many sacrifices in their care and providing for their comfort."

The complainants demurred to the cross-bill (1) on the ground of laches, and (2) because "the cross-bill shows on its face that it is a plenary suit seeking construction of a written instrument based upon extrinsic facts which can be made to appear only through evidence of conversations, agreements" etc., rather than from words and language found within the four corners of the same, and

that the cause of action accrued more than ten years before the bill in this cause was filed; (3) because the cross-bill shows on its face that it is in fact a suit for reformation of a deed rather than a suit for construction.

The answer to the cross-bill denies that May Holloway and her deceased husband were entitled to any relief based upon any alleged service to A. J. Holloway and wife, Minerva.

The Chancellor held that the *habendum* clause in the deed is repugnant to the granting clause; that the granting clause conveys in fee the property to G. P. Holloway. "The *habendum* on the other hand limits it to a tenancy by the entirety by including the name of his wife, Mae Holloway.

" ' * * * the granting clause creating a fee simple estate will prevail over the subsequent *habendum* clause granting a less estate.' " Citing *Teague v. Sowder,* 121 Tenn. 132, 114 S.W. 484; *Simpson v. Simpson,* 160 Tenn. 645, 28 S.W. 2d 349; and *Hicks v. Sprankle,* 149 Tenn. 310, 257 S.W. 1044.

The Chancellor further held: "The second ground of the demurrer ' * * * that the cause of action accrued more than ten years before the bill in this case was filed' has been many times sustained by the Supreme Court in cases of this type." The demurrer to the cross-bill was sustained. "The original bill and answer thereto is remanded to the rules for proof."

The assignment of error is, as follows:

"The Court erred in sustaining the demurrer and dismissing the cross bill for the following reasons:

"A. It was error not to consider the whole instrument in its construction and in limiting the finding to the determination that the granting clause and *habendum* clause were in conflict and the granting clause was controlling, thus failing to apply the modern rules of construction making it the duty of courts to ascertain the intention of the makers of the deed and give effect to all its provisions regardless of the technical parts of the instrument.

"B. It was error not to find and decree that the deed when construed as a whole, giving effect to all its provisions, created a tenancy by the entireties in Green P. Holloway and wife, Mae Holloway."

The pleadings presented two aspects for consideration by the Chancellor. But the appellees, complainants below, say that the only issue is as to the correctness of his decision in holding that the deed in question vested the fee simple title in G. P. Holloway.

The learned Chancellor decided the case based upon the supposed irreconcilable conflict between the granting clause and the *habendum* clause. No consideration was given to the issue as to the *intention of the grantors,* based upon the recitals in the deed and "extrinsic facts". He thus states the problem before him: "A construction in its strict sense and in the only sense open to the court, in view of the 10 year statute, would be upon the instrument itself devoid of extrinsic facts."

We find no merit in the contention that the cross-complainant should be repelled on account of *"laches".* She had the right to rely on her title; nor can the statute of 10 years be invoked to bar her right to a proper con-

struction of the deed considered in all its parts and aspects. The contention that the cross-bill by the defendant, Mae Holloway, is for a reformation of the deed is a conclusion and is without merit.

We readily agree with the Chancellor that under the common law the vendee, G. P. Holloway, acquired a fee simple title to the land conveyed. The case of *Teague v. Sowder*, 121 Tenn. 132, 114 S.W. 484, seems to sustain the contention of the complainants in the court below where the common-law rule was applied to the effect that the "granting clause prevails over *habendum*, if they are irreconcilable by the context failing to show grantor's intention." But in the same case it is held:

"The rule of construction of a deed, when it is sought to determine what estate was conveyed thereby, is to ascertain the intention of the grantor, if possible, by giving to every word of the deed its appropriate meaning, and to enforce that intention regardless of the mere formal divisions of the instrument."

In *Higginson v. Smith*, 38 Tenn.App. 223, 272 S.W. 2d 348, 349, the Court of Appeals speaking through Judge Felts held, as follows:

"The technical rules of the common law as to the division of deeds into formal parts have long since been disregarded in this state, and the rule now is that all parts shall be examined to ascertain the intention. *Lockett v. Thomas*, 179 Tenn. 240, 243, 165 S.W. 2d 375; *Archer v. Culbertson*, 28 Tenn. App. 52, 185 S.W. 2d 912; *McCord v. Ransom*, 185 Tenn. 677, 207 S.W. 2d 581; *Hall v. Crocker*, 192 Tenn. 506, 241 S.W. 2d 548."

The facts as they appear in the foregoing decision by the Court of Appeals are similar in all respects to the case at bar, except that in the former "the consideration was paid by Dudley Smith", the vendee, while in the case at bar the principal consideration was the obligation of the grantees to care for his father and mother and pay the cost of their "funeral and burial" expenses.

In the Higginson case, *supra,* the Chancellor construed the deed *in its entirety* and held that the *intention of the grantors* was to convey a fee simple estate to Dudley Smith, and not an estate by the entirety.

We think it was the duty of the Chancellor to construe the deed in question by giving effect to *all its parts* and thus determine the true intention of the grantors therein.

When the granting clause, and the *habendum* clause, are construed in determining the true intention of the grantors as to the *quantum* of the estate conveyed we think, and so hold, that the deed vested in G. P. Holloway and Mae Holloway an estate by the entireties for the following reasons. The deed shows on its face that these old people (grantors) contemplated that *both of the grantees* would render personal services. It would be most unusual for them to contemplate a situation where their son alone could attend to all their needs without the active assistance of his wife, Mae Holloway. She, of necessity, was the one who was the main dependence to see that these old people had enough food properly cooked, clean clothing and bedding. It certainly was not contemplated that the son, G. P. Holloway, would do any washing and ironing, cooking and serving meals, making

up beds or perform other household duties which usually devolve upon the wife. In other words this, in our opinion, was a joint undertaking by the grantees.

■ With further reference to the cross-bill and the demurrer thereto, if the cross-bill were a suit to *reform the deed* so as to conform to the intention of the parties then the 10-year statute of limitations (section 28-310, T.C.A.) would apply. *Lee v. Harris,* 188 Tenn. 373, 219 S.W. 2d 892; *Henderson v. Henderson,* 158 Tenn. 452, 14 S.W. 2d 714. But we do not construe the cross-bill as an action to reform the deed, and for this reason we hold that the Chancellor was in error in holding that the cross-bill was barred by the 10-year statute of limitations. Compare *Alsobrook v. Orr,* 130 Tenn. 120, 169 S.W. 1165, and cases cited therein, and *Clarke v. Walker,* 25 Tenn. App. 78, 150 S.W. 2d 1082.

The assignment of error is sustained, and the cause remanded to the Chancery Court for further proceedings consistent with this opinion.