JOHN B. ANDERSON ET AL., APPELLEES, v. MARY A. MILLER ET AL., APPELLANTS.

FILED MAY 17, 1919. No. 20537.

1. **Life Estates: LIMITATIONS.** The statute of limitations does not begin to run in favor of a life tenant who claims the entire estate in his own right as against the remainderman until such claim of the life tenant is clearly brought home to the remainderman.

2. ———: **POSSESSION: PRESUMPTION.** "The presumption of fact is that the possession of the life tenant, or one holding under or through the life tenant, is lawful and not adverse. Remaindermen have the right to act on that presumption, and not be charged with the duty of keeping their estate under constant observation." *Criswell v. Criswell*, 101 Neb. 349.

APPEAL from the district court for Kearney county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*M. D. King* and *Charles A. Chappell,* for appellants.

*L. W. Hague* and *C. P. Anderbery, contra.*

DEAN, J.

Sven G. Anderson died intestate in 1900 at Chicago. When he died the record title to 160 acres of farm land in Kearney county stood in his name that was bought in 1885. His widow and a brother and sister survived him. After his death Ellen Anderson, his widow, leased the land and collected the rentals until she was adjudged insane. Thereafter a guardian as-

sumed control of the land in behalf of her estate. The widow died in Chicago in 1913. The land was not a homestead. The estate of Sven Anderson was not probated, and it follows that no judicial finding of heirship was had. The Andersons were childless. In 1916 this action to quiet title was begun by the surviving brother and sister of Sven Anderson, namely, John B. and Josephina Anderson. The defendants are three sisters and a brother of Ellen Anderson, who are her sole heirs. Plaintiffs obtained judgment quieting title in them, and defendants appealed.

Plaintiffs argue that upon the death of their brother they became his sole heirs, and that, subject only to the life estate of his widow, they became owners of the land in fee. They insist that, under the law in force when Sven Anderson died, his wife acquired merely a life estate in the land. Comp. St. 1905, ch. 23, sec. 30. It is contended by defendants that Ellen Anderson, the widow, acquired title to the land by adverse possession, and that upon her death and as her heirs they acquired the title in fee.

Defendants point out that Mrs. Anderson used language in certain leases indicating sole and exclusive ownership in herself, and which contained a clause providing for termination of the lease "in case of sale of the farm." But it is obvious that this provision would inure to the benefit of all persons owning an interest in the land if they desired to join in a conveyance. As life tenant Mrs. Anderson was entitled to the rentals.

It is also claimed by defendants that Mrs. Anderson's father furnished the money to buy the land. But testimony was introduced by defendants themselves tending to prove that any money advanced by him was merely a loan, and that he "wanted his money back," and that Sven Anderson "said he would never pay him; pay it back." It seems clear

that such money as Mrs. Anderson's father may have furnished was a loan to his son-in-law. If he bought the land for Mrs. Anderson, no reason is assigned for placing the title in her husband's name.

Plaintiff John Anderson testified that he lived at Minneapolis continuously from 1893 until 1911. Mrs. Anderson knew where John lived, and when her husband died she had a telegram and a letter sent to him at Minneapolis merely informing him of his brother's death. There is no proof that the widow or any other person ever brought the knowledge home to either of the plaintiffs that she claimed title to the entire estate, nor that either of them knew of her claim until this action was begun.

In Maurer v. Reifschneider, 89 Neb. 673, it is said: "The possession of land by a life tenant will not be construed to be hostile and adverse to a remainderman unless the knowledge is clearly brought home to the latter that the life tenant claims the entire estate in his own right, adverse and hostile to any claim or interest in the land by the remainderman or others claiming under him." This language is quoted with approval in the recent case of Criswell v. Criswell, 101 Neb. 349. In that case it is well said: "The presumption of fact is that the possession of the life tenant, or one holding under or through the life tenant, is lawful and not adverse. Remaindermen have the right to act on that presumption, and not be charged with the duty of keeping their estate under constant observation."

The statute of limitations does not begin to run in favor of a life tenant who claims the entire estate in his own right as against the remainderman until such claim of the life tenant is clearly brought home to the remainderman. The evidence does not support defendant's claim of title to the land.

The judgment of the district court is right, and it is

AFFIRMED.