MRS. MAMIE PRYOR *et al.*, COMPLAINANTS, APPELLANTS, *v.*
FELIX G. RICHARDSON *et al.*, DEFENDANTS, APPELLEES.

(*Nashville*, December Term, 1930.)

Opinion filed, April 4, 1931.

Tyler Berry, for complainants, appellants.

Wirt Courtney, for defendants, appellees.

R. H. Crockett, for Horace Holt.

Mr. Justice McKinney delivered the opinion of the Court.

The chancellor dismissed the bill upon demurrer, and complainants have appealed. Finis E. McKay died testate in 1923. By his will he devised a tract of land consisting of twenty-four acres in Williamson County to his wife for life, with remainder to his adopted son, Horace Holt. Testator never had any children. This tract of land was conveyed to testator in 1874 by his father, William A. McKay, by deed. The bill was filed by the heirs of William A. McKay, upon the theory that grantor never parted with the fee in said tract of land, but only conveyed to his son, Finis, a life estate therein. The widow of Finis E. McKay died in 1927. So much of the deed in question as is pertinent is as follows:

"This indenture made and entered into by and between William A. McKay, Sr., of the County of Williamson, State of Tennessee, of the one part and Finis E. McKay of the same County and State of the second part, Witnesseth, that for and in consideration of the love and affection, I, William A. McKay, party of the first part, have for my son Finis E. McKay, I have this day given, granted, transferred and conveyed to Finis E. McKay all

the right, title, claim and interest that I have in and to a certain piece or parcel of land to-wit: . . .

"To have and to hold unto the said Finis E. McKay the above described tracts of land, together with the improvements thereon, for and during his natural life, free from the debts, contracts, and liabilities that he has already contracted or that he may hereafter contract, and at his death the said lands to his children then living at his death, share and share alike the child or children of any deceased child of the said Finis, is to take what its or their parents would have received if living."

The grantor had a fee-simple absolute title to this tract of land. When, therefore, he conveyed all of his "right, title, claim and interest" in the property to his son, without providing for a reversion, there was nothing left in the grantor and the son took a fee-simple absolute estate.

In 18 Corpus Juris, 316, it is said:

"A conveyance of all of the grantor's right, title, and interest in and to certain described property will be construed as a conveyance of all of his estate in such property, and the whole estate will vest in the grantee, unless the general words are limited by words showing intent to convey a less interest."

Technical rules in the construction of conveyances in this State have been abandoned, and, where possible, the intention of the grantor, as ascertained from a consideration of the entire instrument, is given effect. *Williams* v. *Williams,* 84 Tenn., 171; *Fogarty* v. *Stack,* 86 Tenn., 610, 8 S. W., 846; *Teague* v. *Sowder,* 121 Tenn., 132, 114 S. W., 484.

Under the rules of conveyancing, sanctioned by this court, the estate granted in the premises may be

either enlarged, qualified or lessened in the *habendum*.

In *Meredith* v. *Owen*, 36 Tenn., 223-224, the deed of gift construed was as follows:

"Know all men by these presents that I, John Beaty, Sr., for and in consideration of the love and affection I have for my daughter Polly Owen, wife of Joshua Owen, do give a certain negro girl slave named Celia, about nine years of age, to be the right and property of said Polly during her life; and for the love and affection I have for her, I give to her the aforesaid girl Celia, to her and her heirs, to have and to hold said negro girl free from the lawful claims of all and every person whomsoever."

In the opinion the court said: "Chancellor Kent observes that in modern conveyancing the *habendum* clause in deeds has degenerated into a mere useless form, for the deed is good without it under the usual specifications in the premises. If this deed can be regarded as containing the formal parts referred to, the first clause, conveying a life interest, is only enlarged to an absolute estate in the second. The last is not repugnant to the first, but only extends the interest."

In that case the estate given was enlarged by the second clause of the deed.

In *Beecher* v. *Hicks*, 75 Tenn., 207, the conveyance was to Sarah Catherine Hicks. In the *habendum* the grant was to Sarah Catherine Hicks and to her children, which the court construed to be a grant to Sarah Catherine for life, with remainder to her children. The court said:

"Under the old system of conveyancing, the office of the premises of a deed was to rightly name the feoffer and feoffee, and to describe the land to be conveyed, and

the office of the *habendum* was to name again the feoffee, and to limit the certainty of the estate: Co. Lit., 6a. If the *habendum* was repugnant to the premises, either in the quantity of the thing conveyed, the estate or the grantee, it was void: Co. Lit., 299a; 8 Rep., 56b, *Hafner* v. *Irwin*, 4 Dev. & B., 435. But the *habendum* might determine the estate granted, enlarge, explain or qualify the premises, and might name a new grantee if the estate given was not immediate, but by way of remainder: *Meredith* v. *Owen*, 4 Sneed, 226. In modern times, the inclination of the courts is to look to the whole of the instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to allow technical rules to override the intent.''

In that case the estate granted in the premises was reduced in the *habendum.*

In *Fogarty* v. *Stack, supra,* the husband conveyed land to his wife ''and her children in fee simple forever.'' The *habendum* clause of the deed limited it to her separate use, ''with power to sell, and by deed made and executed jointly with her husband, convey the land, and vest the proceeds in other property, to be held for the same sole and separate use as the property herein conveyed. Should said second party die in the lifetime of said first party, then said lot of land is to revert to him in fee simple.''

It was insisted that the premises and the *habendum* were repugnant, and the wife having predeceased the husband, her heirs, rather than the husband, were seized of the fee. The court held otherwise, and said:

''We may concede all that is contended for as to this rule of construction at common law, and it is a sufficient answer thereto to say that the rules of the common law, which looked at the granting clause and the *habendum*

and *tenendum* as *separate* and independent portions of the deed, each with its particular function and office, have long since become obsolete in this country, and certainly in this State.

"The true rule is to look to the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to permit antique technicalities to override such intention."

This is another illustration of the estate being lessened in the *habendum*.

In *Alston* v. *Davis,* 39 Tenn., 266, the testator in the first instance devised certain property in fee to his children, and then provided that his daughters were to have and use the property during their natural lives, and at their death, to be equally divided among their bodily heirs. The court construed the words "bodily heirs" to mean "children," and held that where a daughter died without children the estate devised to her became absolute. In the opinion it was said:

"The general principle is well established, that where, by the will, an absolute gift of the property is made, in the first instance, followed by a limitation over, on the death of the devisee or legatee, the absolute gift is not taken away by the gift over, unless the gift over may itself take effect."

It is insisted that this rule only applies to wills, and is based upon the presumption that the maker of a will does not intend to die intestate as to any part of his property. In the cause under consideration instead of having to rely upon a presumption we have the declaration of the grantor expressly conveying to his son all of his interest in the property, which negatives the idea that any interest was reserved.

We have been referred to no case holding that where a person conveys or devises property in the first instance to one absolutely, and later in the instrument lessens the estate given to such first taker, by providing that upon his death the title to the property shall vest in his children then living, and he dies without children, that it reverts to the grantor or devisor.

In 8 Ruling Case Law, 1047, it is said: "A deed must be so interpreted as to make it operative and effective in all its provisions."

To give the deed in question the construction contended for by complainants would be to ignore the language of the premises and treat it as meaningless.

The departure of our cases from the common-law rule for the construction of deeds is only to this extent: the intention of the grantor is to be ascertained and given effect by examination of the entire instrument, "regardless of the more formal divisions of the instrument;" and in this search for intent, no preference is to be given to premises over *habendum* because of position or form. *Teague* v. *Sowder, supra; Ballard* v. *Farley,* 143 Tenn., 161, 226 S. W., 544; *Hicks* v. *Sprankle,* 149 Tenn., 310, 314, 257 S. W., 1044.

Stated differently in *Ballard* v. *Farley, supra,* quoting from 18 Corpus Juris, 267, the substance of the previous holding of this court is that "the technical rules of the common law as to the division of deeds into formal parts will not prevail as against the manifest intention of the parties as shown by the whole deed."

Disregarding form, the intent of the grantor seems clear. The conveyance is to his son, and the expressed consideration is love and affection. Language is first used which is appropriate to divest the entire

estate out of the grantor and to vest it in the son. Subsequent language limiting the estate granted to the life of the son is followed by a gift over only in the event the son dies with issue surviving, in whom the estate conveyed is then to vest. There is no express reservation of rights of reversion in the grantor. The intention of the grantor seems clear that the absolue estate first granted was to be limited only in the event there should be surviving issue in whom the fee could vest upon the death of the son.

Looking through the language used to the intent thereby manifested, the conveyance is essentially identical with that considered in *Fogarty* v. *Stack, supra.* There the conveyance to the grantor's wife was absolute in the premises, with a limitation in the *habendum* to the grantor if he should survive the wife. Here the conveyance, absolute in the premises, is limited by the *habendum* to the issue of the grantee if living at the grantee's death. To construe the *habendum* as merely converting the absolute fee first described into a conditional fee or determinable fee, as in *Fogarty* v. *Stack,* would be to reconcile the apparent repugnancy in the deed. *Teague* v. *Sowder, supra.* And it is clearly the duty of the court to so reconcile the apparently conflicting terms when consistent with well recognized rules of construction.

Counsel for complainants relies upon *Bigley* v. *Watson,* 98 Tenn., 353, 39 S. W., 525, and *Barnett* v. *Daniel,* 11 App. Rep., 443. In neither of those cases, however, was an absolute estate vested in the first taker. In the first named case a bill was filed in chancery to partition certain lands in kind among three tenants in common. By decree of the court that portion allotted to Mrs. Watson was vested in her for life, "and at her death to her chil-

dren then living and the issue of such as may be dead."
Mrs. Watson died without children, or their issue, and it
was held that she had a right to dispose of the property
by will. Mrs. Watson had never parted with the fee in
the land, which became absolute upon her death. The
fee would have terminated upon her death leaving chil-
dren, or their issue.

In the second case the owner of a fee-simple title de-
vised the land to his niece, Mrs. Hattie Robinson, "for
and during her natural life, and at her death to her child
or children surviving her." The court held that the tes-
tator never parted with the fee, and that upon the death
of Mrs. Robinson without children, the fee would vest
in the heirs at law of testator.

We therefore concur with the chancellor in holding
that the devise of this tract of land by Finis E. McKay
was valid.

What we have said herein disposes of the companion
cause of *Felix G. Richardson et al.* v. *Jim McKay et al.*,
and the decree of the chancellor in both causes will be
affirmed.