QUARLES et al. v. ARTHUR et al.—231 S. W. (2d) 589.

Eastern Section. January 12, 1950.

Petition for Certiorari denied by Supreme Court, June 9, 1950.

R. L. Ogle and Wynn & Wynn, all of Sevierville, and Oscar Tate, Jr., of Knoxville, for appellants.

O. M. Connatser, of Sevierville, and Homer Goddard, of Maryville, for appellees.

McAMIS, J. The bill in this case was filed by J. C. Quarles, W. C. Quarles, Mary Quarles Paquette, J. L. Quarles, T. A. Quarles and H. M. Quarles, all natural children of S. E. Quarles who died June 16, 1946. By the bill they seek a recovery of a forty acre tract of land in Sevier County which the bill alleges is being claimed by the defendants in derogation of their fee simple title acquired under the provisions of a deed executed by D. C. Maples, Sr., on April 7, 1887, subject to a life estate conveyed to their mother, S. E. Quarles. The rights of the parties turn on whether S. E. Quarles acquired only a life estate with remainder to the heirs of her body or whether, as defendants claim, S. E. Quarles through whom they claim acquired a fee simple title to the necessary exclusion of complainants. The Chancellor found and held that S. E. Quarles obtained only a life estate and that upon the falling in of that estate complainants became entitled to possession of the property. Defendants appeal.

D. C. Maples, Sr. was the father of S. E. Quarles. By the deed of April 7, 1887, he conveyed a tract of land containing between ninety and one hundred acres and embracing the forty acres here in controversy. We quote the pertinent portions of the deed: "I, D. C. Maples, Sr., for the love and affection I have for my daughter, S. E. Quarles, I hereby convey to said S. E. Quarles to her her life time then to her heirs of her body the following tract" etc., with the following haben-

dum: To have and to hold the same to the said S. E. Quarles her and her heirs and assigns.''

By deed executed in 1902 and recorded in 1909, S. E. Quarles, her husband joining in, undertook to reconvey to her father, D. C. Maples, Sr., the forty acres here involved. Complainants did not join in the execution of that deed and they have not conveyed the title, if any, which they acquired under the deed of D. C. Maples, Sr. D. C. Maples, Sr., was continuously in adverse and exclusive possession of the property until his death in 1926 when possession passed to his heirs and has since been maintained by them or their conveyees up to the date of the filing of the bill.

Appellants concede that the granting clause of the deed purporting to ''convey to said S. E. Quarles to her her life time then to her heirs of her body'', under Section 7600 of the Code, which abolished the rule in Shelly's Case, created a life estate in S. E. Quarles with the remainder to the heirs of her body living at the time of her death, provided there were no discrepancies between the granting clause and the remaining provisions of the deed and, particularly, the habendum clause.

It is insisted, however, that the language of the habendum, ''to have and to hold the same to the said S. E. Quarles her and her heirs and assigns'' and the covenants of title ''to the said S. E. Quarles her heirs and assigns against the lawful claims of all persons whomsoever'' imports an intention on the part of the grantor to vest in S. E. Quarles an absolute fee simple title which she had a right to reconvey. It is said that, although there are discrepancies in the various portions of the deed, there is no repugnance nor irreconcilable con-

flict between them, the latter provisions merely extending and enlarging the former.

■ It is the duty of the court to construe a deed, if possible, to give effect to its several parts and avoid rejecting any of its provisions, the presumption being that the parties intended every part of the deed to have some meaning. It cannot be assumed that the grantor intended to contradict himself and the court should always lean to such a construction as reconciles the different parts of the deed and reject a construction which leads to a contradiction. 16 Am. Jur., Deeds, Section 235; Annotation, 84 A. L. R., 1060.

■ ■ It is clear from an analysis of the cases in this State dealing with the construction of deeds that the overriding purpose of all rules of construction is the ascertainment of the intention of the parties. In arriving at the intention the prime rule is that the meaning and intention will be gathered, if possible, from the instrument considered as a whole without regard to formal divisions or parts. Under that rule, as insisted, the estate conveyed by the granting clause, standing alone, may be enlarged or lessened in the habendum if, considering the instrument as a whole, such appears to have been the intention of the parties. Beecher v. Hicks, 75 Tenn. 207; Teague v. Sowder, 121 Tenn. 132, 114 S. W. 484; Pryor v. Richardson, 162 Tenn. 346, 37 S. W. (2d) 114; Lockett v. Thomas, 179 Tenn. 240, 243, 165 S. W. (2d) 375; McCord v. Ransom, 185 Tenn. 677, 207 S. W. (2d) 581; Thompson v. Turner, 186 Tenn. 241, 209 S. W. (2d) 25; Erwin National Bank v. Riddle, 18 Tenn. App. 561, 79 S. W. (2d) 1032; Archer v. Culbertson, 28 Tenn. App. 52, 185 S. W. (2d) 912.

. While the earlier of these cases, notably Teague v. Sowder, held that when it is impossible to ascertain the intention of the parties after considering the instrument as a whole because of an absolute repugnancy between the different clauses, then the first or granting clause shall prevail over the habendum, later cases, including Pryor v. Richardson, 162 Tenn. 346, 37 S. W. (2d) 114; Lockett v. Thomas, 179 Tenn. 240, 243, 165 S. W. (2d) 375; McCord, et al. v. Ransom, et al., 185 Tenn. 677, 207 S. W. (2d) 581, seem to hold that no preference. is to be given any part over another by reason of its position. See, however, concurring opinion in the last of these cases indicating a reluctance on the part of the author to place the granting clause on an equal footing with the habendum where, because of repugnancies between the two clauses, it is impossible to determine the intention of the parties in the light of the entire instrument considered as a whole, as in Teague v. Sowder, supra. See also Phoenix Mut. Life Ins. Co. v. Kingston, Bank & Trust Co., 172 Tenn. 335, 112 S. W. (2d) 381 and cases there cited by Chief Justice Green.

We need not decide the question, interesting as it is, because we have concluded that, under the primary rule of considering the instrument as a whole without regard to formalisms, there is no sufficient predicate for assuming any substantial conflict between the granting clause and the habendum and covenant. We think the vice of appellant's argument lies in their overlooking the grant of a remainder interest to the heirs of the body of the life tenant. When the vesting of that estate under the terms of the granting clause is considered, the effect of the habendum, under appellants' construction, is entirely to eliminate the fee title granted in re-

mainder to the heirs. Why would the grantor so carefully carve out a life estate as indicated by the language "to her life time" and grant the remainder in fee to the heirs of the body of the life tenant, as appellants concede, only to enlarge the life estate and eliminate, in the habendum, the grant of the fee to the remaindermen?

We do not say that the grantor could not have used language which would have effected a conveyance in fee to S. E. Quarles even though it meant the elimination of the heirs of her body as grantees. For example, suppose the grantor had said in the habendum, "To have and to hold to the said S. E. Quarles, her heirs and assigns, forever in fee simple absolute." It could then be argued with much force that the intention was to create in her a fee title notwithstanding the reference in the granting clause to an estate for life and the purported granting of the remainder in fee to third parties. But we have no such case here. On the contrary the case for appellants rests exclusively on an inference arising, it is said, from the use in the habendum of the term "assigns". Erwin Nat. Bank v. Riddle, 18 Tenn. App. 561, 79 S. W. (2d) 1032. For one thing, the argument overlooks the interposition of the words "her and" between "S. E. Quarles" and "her heirs and assigns" which would have been superfluous under appellants' construction. But, aside from that, could not the intention as well have been to make the habendum apply to the life estate theretofore granted S. E. Quarles and also to the remaindermen, the heirs of her body? Certainly such a construction is not foreclosed by any language used in the habendum. The use of the word "assigns" appearing in the covenant can be applied to assignees of the life tenant and the use of the word

"heirs" can be considered as entitling the heirs of her body to the benefit of the covenant.

Thus, it appears to us, the construction contended for, by creating a repugnancy based upon an inference, would do violence to the clearly expressed intention of the grantor to create both a life estate and a remainder in fee. The several provisions of the deed can be reconciled in a manner to avoid such a conflict. We must assume the grantor intended to give force and meaning to all the language he used. We cannot assume he intended to contradict himself. And, if we look beyond the deed, the record shows the grantor was seeking refuge from his creditors when he executed the deed. He may have considered his purpose could be accomplished better by vesting the remainder in fee in his grandchildren so that his daughter could not convey it out of the family and thus deprive him and his family of a home. These are matters of speculation. They illustrate, however, the danger of rejecting express language and substituting, by inference, terms which conflict with the language chosen by the parties themselves.

We think the meaning of the deed taken as a whole is clear beyond reasonable doubt.

We think the Chancellor was correct in overruling the defenses of estoppel, laches, and the statutes of limitations based upon adverse possession for 7 years and 30 years under registered assurance of title, Code Sections 8582, 8586.

 Estoppel and laches do not apply for the reasons stated in Teague v. Sowder, 121 Tenn. 132, 114 S. W. 484, clearly holding these defenses unavailable in an action by the remaindermen in the absence of some act misleading the adverse claimants. As was pointed out

in that case, the deed creating the remainder estate appeared in the chain of title and was notice to all those who might deal with the title. In that case it was held that the remaindermen were not bound to act until the falling in of the life estate notwithstanding they had acquiesced in the removal of valuable timber and permitted the claimants "to pay heavy prices for the fee in said lands, and to expend large sums in developing the land and establishing large industries thereon." 121 Tenn. at page 152, 114 S. W. at page 489.

As to the application of the statutes of limitations, a reading of the statutes appears to us a sufficient answer. By their terms it is only an "adverse" possession which starts the running of the statute. The holding is not adverse as to the remaindermen until their right of action accrues upon the falling in of the life estate. Chambers v. Chattanooga Union Railroad, 130 Tenn. 459, 171 S. W. 84; Johnson v. Covington, 148 Tenn. 47, 251 S. W. 893; Campbell v. Lewisburg & Northern Railroad, 160 Tenn. 477, 492, 26 S. W. (2d) 141.

Guy v. Culberson, 164 Tenn. 509, 51 S. W. (2d) 500, 502, expressly holds that the possession of grantees of the life tenant who undertook to also convey the fee does not become adverse to the remaindermen until the death of the life tenant because they "could assert no immediate interest until after the falling in of the life estate" and "the statute of limitation . . . would not run . . . until the expiration of the life estate."

The sale and conveyance by the holder of the life estate is not an ouster of the remaindermen; at least not unless they elect to so consider it. They can consider the conveyance as passing only the rights of the life tenant and the possession of the grantee as not incon-

sistent with their own rights to the fee title in remainder. They are not ordinarily affected by the conveyance. The rule is, of course, otherwise where possession is not essential to the right of action. Bohrer v. Davis, 94 Neb. 367, 143 N. W. 209, L. R. A. 1918D, 430, Id., 96 Neb. 474, 148 N. W. 320, Ann. Cas., 1915A, 992; Anno. 14 Am. St. Rep. 634, 635.

■ The possession of the life tenant or one deriving his title and possession from the life tenant does not become adverse as to the remaindermen unless the life estate is renounced and notice is clearly conveyed to the remaindermen that the property is held or claimed adversely and not under the life tenancy. Lake v. Ford, 244 Ky. 803, 52 S. W. (2d) 724; Forman v. Gault, 236 Ky. 213, 32 S. W. (2d) 977; Russell v. Tipton, 193 Ky. 305, 235 S. W. 763; Bretschneider v. Farmers Nat. Bank, 131 Neb. 495, 268 N. W. 278; Content v. Dalton, 122 N. J. Eq. 425, 194 A. 286, 112 A. L. R. 1031; Wanta v. Perszyk, 207 Wis. 282, 240 N. W. 183, 241 N. W. 377.

■ And the remainderman is not charged with the duty of keeping his estate under constant observation, Anderson v. Miller, 103 Neb. 549, 172 N. W. 688; nor is he charged with notice of a conveyance from the life tenant not appearing in his chain of title even though followed by possession by the grantee, Ontelaunee Orchards v. Rothermel, 139 Pa. Super. 44, 11 A. (2d) 543. The life tenant or his conveyee must not only disclose to the remaindermen the basis of his claim, Superior Oil Corp. v. Alcarn, 242 Ky. 814, 47 S. W. (2d) 973, but there must be some clear and positive overt act or express notice, Trimble v. Gordon, 270 Ky. 476, 109 S. W. (2d) 1217, 1219, to start the running of the statute. The reason underlying these holdings, we assume, is that the

possession is not ipso facto inconsistent with the rights of the holders of the future estate. We think their reasoning is sound.

We find in this case no special equity in favor of appellants. D. C. Maples, Jr., who first purchased the property after the death of D. C. Maples, Sr., was told by S. E. Quarles that she expected her children to claim the remainder estate. All were charged with notice of their title and the present owners purchased after this suit was instituted and subject to its final outcome. It was not the duty of the remaindermen to bring suit to remove these conveyances as clouds upon their title. If appellants wanted the question settled we assume they could have instituted suit to have their rights declared. (As we understand there is to be a reference to determine the value of the improvements.)

It remains to consider only the motion to dismiss the appeal on the ground that appellants have sold the property and, it is argued, no longer have any interest entitling them to prosecute an appeal. Since the result is the same, we need not consider this question at length. It appears that some, if not all, of the appellants are bound under the covenants of their deeds to defend the title and we think this sufficient to give them a substantial interest in the subject matter of the appeal. Hargraves v. Hamilton National Bank, 27 Tenn. App. 655, 661, 184 S. W. (2d) 397, and cases there cited.

We find no error and it results that the assignments are overruled and the decree affirmed. If necessary the cause will be remanded for the execution of the order of reference. Costs to appellants and sureties.

Hale and Hickerson, JJ., concur.