IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 24, 2004 Session

**EDWARD HUTCHINSON, JAMES HUTCHINSON, AND
SHARON HUTCHINSON**
**v.**
**ESTATE OF ALLIEN DAY MORRISON NUNN BY AND THROUGH
REBECCA D. OZIER, EXECUTRIX**

**An Appeal from the Circuit Court for Fayette County**
**No. 4180     Jon Kerry Blackwood, Judge**

_____

**No. W2004-00578-COA-R3-CV - Filed December 30, 2004**

_____

This is an action by remaindermen against a life tenant for property damage and waste to real property. The defendant's decedent had a life estate in a 1,700 acre tract of land. In September 1995, she sold timber from the property to a timber company. At that time, a timber deed was registered in the county register's office. The timber deed was later extended through October 1997. The decedent died in February 1998. The plaintiff remaindermen, who had received title to the property in fee simple at the death of the decedent, subsequently discovered that the deceased life tenant had clear-cut all of the timber from the property. In June 2000, the plaintiffs filed this action against the decedent's estate, claiming damages from the clear-cutting of the property. The estate filed a motion for summary judgment, arguing that the claim was time-barred based on the applicable three-year statute of limitations. It asserted that the cause of action accrued in September 1995 when the timber deed was registered, because registration of that instrument constituted "notice to the world" under T.C.A. § 66-26-102. The trial court granted summary judgment in favor of the estate. The plaintiffs now appeal. We reverse, concluding that registration of the timber deed alone does not constitute constructive notice, and that genuine issues of material fact exist as to when the damage occurred and when the plaintiffs knew or should have known of it.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

John D. Horne, Memphis, Tennessee, for the appellants, Edward Hutchinson, James Hutchinson, and Sharon Hutchinson.

J. Payson Matthews, Somerville, Tennessee, and H. Morris Denton, Bolivar, Tennessee, for the appellee, Estate of Allien Day Morrison Nunn by and through Rebecca D. Ozier, Executrix.

**OPINION**

Bailey K. Morrison ("Morrison") died in 1954 leaving numerous parcels of real property located in Fayette County, Tennessee. In his Last Will and Testament, Morrison devised to his wife, Allien Day Morrison Nunn ("Nunn"), a life estate in a 1,700-acre tract of land ("the Property") within the bounds of a larger tract containing 2,332 acres. Alles Hutchinson ("Alles"), who lived in Pennsylvania, was granted the remainder interest in the life estate Property. The part of the 2,332 acres that was not included in the life estate was devised to Nunn in fee simple.

On September 21, 1995, Nunn executed a timber deed[1] to Tri-Lake Timber Company ("Tri-Lake"), selling to Tri-Lake the timber on the Property. On that day, the timber deed was recorded in the Fayette County Register's office. In the timber deed, Nunn represented that she was the owner, not the life tenant, of the Property, and she granted to Tri-Lake the right to cut timber on the Property until October 1, 1996. On November 22, 1996, Nunn executed an extension of the timber deed to Tri-Lake, granting it the right to cut timber on the property until October 1, 1997.

In November 1997, Alles, the remainderman, died, predeceasing life tenant Nunn. At Alles's death, her remainder interest was inherited by her children, Plaintiffs/Appellants in this action, Edward Hutchinson, James Hutchinson, and Sharon Hutchinson (collectively, "Plaintiffs").[2] The Plaintiffs are all residents of Pennsylvania.

On February 3, 1998, Nunn died in Fayette County. Thereafter, the Plaintiffs commissioned a survey of the Property. In September 1999, the survey was completed and revealed to the Plaintiffs that Nunn had permitted Tri-Lake to clear-cut the timber on the Property in exchange for substantial short-term profits.

On January 26, 2000, the Plaintiffs filed a claim against Defendant/Appellee Estate of Nunn, by and through Rebecca D. Ozier, Executrix ("the Estate"), in the probate court. They sought monetary damages for the property damage and waste caused by Nunn's actions in clear-cutting the timber on the Property.

On February 1, 2000, the Estate filed an exception to the Plaintiffs' claim, arguing that it was time-barred. The Plaintiffs cited Tennessee Code Annotated § 30-2-307, which imposed a twelve-month limitation on claims against the representative of the estate, and Tennessee Code Annotated

---

[1]This timber deed conveyed to Tri-Lake "all merchantable or marketable timber growing and located upon" the described property, subject to certain conditions. Tri-Lake was thereby permitted to have access to the property for the purpose of removing the timber.

[2]Sharon Hutchinson is the widow of Leigh Hutchinson, the originally named plaintiff, who died on July 24, 2001. After Leigh's death, Sharon was substituted as a plaintiff on his behalf.

§ 28-3-105, which provided a three-year statute of limitations with respect to property tort actions.[3] On June 2, 2000, the probate court held that the Plaintiffs' claim was a tort action and, therefore, was not barred by Section 30-2-307. The probate court made no determination regarding the applicability of Section 28-3-105 to the Plaintiffs' claim.[4] This cleared the way for the Plaintiffs to pursue their claim against the Estate in a separate lawsuit.

Accordingly, on June 2, 2000, the Plaintiffs filed this lawsuit against the Estate in the trial court below, alleging that Nunn's clear-cutting of the timber had caused property damage and waste to the Property. On June 12, 2000, the Estate filed its answer, alleging as an affirmative defense that the claim was barred by the three-year statute of limitations set out in Section 28-3-105.

On September 10, 2003, the Estate filed a motion for summary judgment, on the basis that the Plaintiffs' claim was time-barred under Section 28-3-105. The Estate asserted that the Plaintiffs' cause of action accrued on September 21, 1995, when the timber deed was executed and registered in the Fayette County Register's office. The Estate noted that Tennessee Code Annotated § 66-26-102 states that the registration of a deed, such as the timber deed, constitutes "notice to the world," and argued that the registration of Tri-Lake's timber deed constituted constructive notice to the Plaintiffs of Nunn's actions. *See* Tenn. Code Ann. § 66-26-102 (2004). On December 15, 2003, the Plaintiffs filed a response to the Estate's motion for summary judgment, arguing that genuine issues of material fact exist regarding the commencement date of the limitations period. The Plaintiffs pointed out, among other things, that Nunn misrepresented in the timber deed that she owned the entire Property in fee simple.

On December 16, 2003, the trial court conducted a hearing on the Estate's motion for summary judgment. A transcript of that hearing is not in the record on appeal. On January 5, 2004, the trial court entered an order granting the Estate's motion for summary judgment and dismissing the complaint. The order states only that the motion was "well-taken and should be granted." From that order, the Plaintiffs now appeal.

On appeal, the Plaintiffs argue that the trial court erred in granting the Estate's motion for summary judgment, because a genuine issue of material fact exists as to when their cause of action accrued and when the three-year limitations period began to run. The Plaintiffs argue that the lawsuit

---

[3]That statute provides in pertinent part:

**Property tort actions–Statutory liabilities**. The following actions shall be commenced within three (3) years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property; . . . .

Tenn. Code Ann. § 28-3-105 (2000).

[4]Because the probate court plainly made no determination regarding the applicability of Section 28-3-105 to the Plaintiffs' claim, we reject the Plaintiffs' suggestion that the Estate's reliance on that statute is barred by the doctrine of collateral estoppel.

was filed within three years of the date that the Plaintiffs finally determined the location of Nunn's life estate property (September 1999); within three years of Nunn's death, at which time the Plaintiffs acquired a present interest in the property (February 1998); and within three years of the termination of the Tri-Lakes timber deed (October 1997). The Plaintiffs further argue that Nunn's misrepresentation in both the 1995 timber deed and the 1996 extension, indicating that she "owned" the life estate property in fee simple, tolled the running of the three-year statute of limitations. For these reasons, the Plaintiffs contend, their claim is not time-barred.

The Estate argues that the recording of the timber deed constituted notice to the Plaintiffs by operation of law, based on Tennessee Code Annotated § 66-26-102. That statute provides:

> **Notice to all the world.** – All of the instruments registered pursuant to § 66-24-101 shall be notice to all the world from the time they are noted for registration, as prescribed in § 8-13-108; and shall take effect from such time.

Tenn. Code Ann. § 66-26-102 (2004). Section 66-24-101(12) states that "[a]ll . . . deeds of every description" may be registered. Tenn. Code Ann. § 66-24-101(12) (2004). Thus, the Estate argues, the time limitation in this action began to accrue when the timber deed was recorded on September 21, 1995. Alternatively, the Estate asserts that the three-year limitation in Section 28-3-105 began to run when the Plaintiffs could have filed suit. The Estate contends that the Plaintiffs had the right to file for relief when the timber deed was first registered on September 21, 1995, because the Plaintiffs or their predecessors in title had owned a vested remainder interest in the property since the probate of Morrison's Last Will and Testament in 1954. Either way, the Estate maintains, the three-year limitations period began to run when the timber deed was registered on September 21, 1995, and the Plaintiffs' claim is time-barred.

We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. **Warren v. Estate of Kirk**, 954 S.W.2d 722, 723 (Tenn. 1997). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We must view the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. **Warren**, 954 S.W.2d at 723 (quoting **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997)). Once the moving party demonstrates that no genuine issues of material fact exist, the non-moving party must demonstrate, by affidavits or otherwise, that a disputed issue of material fact exists for trial. **Byrd v. Hall**, 847 S.W.2d 208, 211 (Tenn. 1993).

A tenant who holds a life estate in real property may not cut and sell timber on the property unless the property is a tree farm, is wild land used only for timber, or if the tree-cutting enhances the value of the land. **Thompson v. Thompson**, 332 S.W.2d 221, 226 (Tenn. 1960). In the instant case, it is undisputed that Nunn clear-cut the timber on the Property during her possession as a life tenant, and that the Plaintiffs have properly stated a claim for waste based on Nunn's conduct. The issue on appeal is whether the Plaintiffs' lawsuit was timely filed. Since it is undisputed that the

three-year statute of limitation in Section 28–3-105 applies in this case, the question becomes when that limitations period began to run.

In its order granting summary judgment in favor of the Estate, the trial court provided no explanation of its reasoning. We can only surmise that the trial court implicitly held that constructive notice had been given to the Plaintiffs based on Nunn's recording of the timber deed in September 1995, in effect holding that, by operation of law, Section 66-26-102, giving "notice to all the world," put the Plaintiffs on constructive notice of Nunn's clear-cutting of the property.

Section 28-3-105 provides that an action for injury to real property "shall be commenced within (3) years from the accruing of the cause of action . . . ." Tenn. Code Ann. § 28-3-105 (2000). The cause of action accrues when the injury occurs, when the injury is discovered, or "when in the exercise of reasonable care and diligence the injury should have been discovered." *Prescott v. Adams*, 627 S.W.2d 134, 138 (Tenn. Ct. App. 1981) (citing *Stone v. Hinds*, 541 S.W.2d 598, 599 (Tenn. Ct. App. 1976)).

In a suit for damage to property, the cause of action cannot arise at any time prior to the damage being inflicted on the property. *See McQuiston v. Ward*, M2001-00201-COA-R3-CV, 2001 WL 839037, at *3 (Tenn. Ct. App. July 25, 2001) ("An act or omission whereby one sustains injury begins the running of the statute of limitations. . . . As a general rule, a cause of action for an injury accrues when the injury occurs . . . ."). In the instant case, the cause of action could not have arisen any earlier than when the injury occurred, i.e., when the timber was cut from the Property. From the record, it appears that the timber deed would have been registered prior to any cutting of timber. Moreover, the record contains no clear indication of when the timber cutting on the life estate Property began; it appears that more discovery is needed to determine this fact. At the time the timber deed was recorded, the only possible action for the remaindermen would have been to seek injunctive relief to prevent waste of the Property. The cause of action before the trial court below, however, was a claim for damages, and before the timber was cut, an action for damage to the property would have been premature.

Nevertheless, we must determine whether the registration of a timber deed pursuant to Section 66-26-102, which declares that registration of a deed is notice to all the world, operates as constructive notice to a remainderman that a life tenant has caused property damage or waste to the property. The Estate cites no case in Tennessee interpreting Section 66-26-102 as providing notice to a particular plaintiff of tort damage to real property, and we have found none. On the contrary, it appears from the case law that the worldwide notice provided for in the statute is intended to give notice with respect to ownership or title and serve as a basis for establishing priority among parties claiming rights under written instruments. *See Home Fed. Bank, FSB, of Middlesboro, Kentucky v. First Nat'l Bank of Lafollette, Tennessee*, 110 S.W.3d 433, 437 (Tenn. Ct. App. 2002). This statute is a part of Tennessee's recording system, which embraces five leading propositions:

(1) That, as between the parties themselves and their heirs and representatives, such instruments take effect and are good without regard to registration; (2) that they also

take effect and are equally good as to all persons who have actual notice of them from the date of such notice, except creditors; (3) that as to creditors (that is, of the vendor) they are inoperative, ineffective, and practically nonexistent until they are noted for registration . . .; (5) that upon being so "noted for registration" they become at once "notice to all the world," and so effective as to all the world.

*Wilkins v. McCorkle*, 112 Tenn. 688, 697-98, 80 S.W. 834, 835 (1904), *quoted in Associates Home Equity Servs., Inc. v. Franklin Nat'l Bank*, No. M2000-00516-COA-R3-CV, 2002 WL 459007, at *2 (Tenn. Ct. App. Mar. 26, 2002). Thus, it seems that the primary purpose of the statute is to provide legal notice regarding ownership. The Estate cites no case in which registration of an instrument pursuant to the statute is deemed to provide legal notice to a remainderman regarding tortious behavior. Furthermore, there are limits to the duty of a remainderman to oversee his interest in property while the life tenant is in possession. *Quarles v. Arthur*, 231 S.W.2d 589, 593 (Tenn. Ct. App. 1950). In *Quarles*, the court stated that "the remainderman is not charged with the duty of keeping his estate under constant observation, nor is he charged with notice of a conveyance from the life tenant not appearing in his chain of title even though followed by possession by the grantee . . . ." *Id.* (citation omitted), *cited with approval in Moore v. Cole*, 289 S.W.2d 695, 700 (Tenn. 1956). In this case, we are constrained to hold that a remainderman would not be charged with the duty of continually checking the records of the register's office to ensure that his interest was not being adversely affected. Under these circumstances, we must conclude that Section 66-26-102 does not provide a basis for finding that the Plaintiffs had constructive notice of Nunn's clear-cutting of the timber from the Property.

Moreover, even if the registration of the timber deed were deemed to provide constructive notice to the remaindermen, the timber deed recorded by Nunn did not give proper notice in this case. The timber deed at issue described the entire 2,332 acre tract of land and stated that it was "devised to [Nunn] under the provisions of the Last Will and Testament of the said Bailey K. Morrison," indicating that she owned the entire property in fee simple and failing to differentiate her life estate in the 1700 acre subparcel. When the property in a recorded instrument is described incorrectly, the notice is a nullity. *See Lally v. Holland*, 31 Tenn. 396 (1852); *Baldwin v. Marshall*, 21 Tenn. 166 (1840). For all of these reasons, we must conclude that the trial court erred in granting summary judgment in favor of the Estate.

The decision of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs on appeal are to be taxed to Appellee Estate of Allien Day Morrison Nunn, by and through Rebecca D. Ozier, Executrix, for which execution may issue, if necessary.

HOLLY M. KIRBY, JUDGE