IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 4, 2021

## IN RE ESTATE OF HATTIE FAYE BAKER

**Appeal from the Chancery Court for McNairy County**
**No. P-1252      Don R. Ash, Senior Judge**

_____

### No. W2020-00460-COA-R3-CV

_____

The petitioner claims an interest in the estate of the second wife of her uncle, who was originally married to the petitioner's aunt. Because the property at issue was held by the petitioner's aunt and uncle as a tenancy by the entireties, the uncle owned the property in fee simple upon the aunt's death. We conclude that the petitioner's claim is without merit, and we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Mary Kay Mutters-Edelman, Benton, Arkansas, pro se.

Terry Abernathy, Selmer, Tennessee, for the appellees, Timothy E. Baker, Peggy Jo Berryman, and Kathy Ann Berryman.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Brooks Derryberry inherited from his father a large piece of property in McNairy County consisting of an old family homestead and farmland ("the Farm"). Mr. Derryberry married Rubye[1] Blackwood in May 1936. On December 7, 1967, Mr. Derryberry executed a deed ("1967 deed") stating his intention "to create a tenancy by the entireties in and to the entire interest" in the Farm with Rubye. Rubye died in November 1970 having never had any children.

_____

[1] Also referred to as "Ruby" in some places.

In 1983, Mr. Derryberry married Hattie Faye Baker. Mr. Derryberry died in November 1997 having no children. No will was found following Mr. Derryberry's death, thus leaving Ms. Baker as his sole heir under the laws of intestate succession. Ms. Baker died in 2015. By the terms of her will, Ms. Baker's property was devised in equal shares to her three children, Peggy Jo Berryman, Kathy Ann Berryman, and Timothy Baker ("the Baker heirs"). In March 2015, an executor's deed was recorded by the executor of Ms. Baker's estate granting the Farm to the Baker heirs, who subsequently quit claimed their interests in the Farm to other members of their family.

On October 7, 2019, Mary Kay Mutters-Edelman ("Petitioner"), Rubye Derryberry's niece, filed this lawsuit against Ms. Baker's estate and the Baker heirs (collectively, "the Estate"). Petitioner claimed to be "Heir to the Derryberry Estate" and requested that the trial court set aside the executor's deed and the Baker heirs' quit claim deeds and enter an order ejecting the Berryman family members from the Farm. In addition to the 1967 deed, the petition referenced a will executed by Mr. Derryberry on January 4, 1963, in which he gave and devised to Rubye all of his real and personal property, including "all my interest in my father's estate." This will was never probated.

The Estate filed a motion to dismiss, asserting that the petition did not entitle Petitioner to any relief and citing, in part, Tenn. Code Ann. § 32-3-105(a), the anti-lapse statute. After a hearing in February 2020, the trial court entered an order granting the Estate's motion to dismiss. On appeal, Petitioner argues that the trial court erred in granting the Estate's motion to dismiss and in failing to address allegations of fraud.

ANALYSIS

We begin by noting that Petitioner represented herself at trial and is representing herself on appeal. As a pro se litigant with no legal training, Petitioner is "entitled to fair and equal treatment by the courts." *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). The following principles apply to pro se litigants:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young*, 130 S.W.3d at 62-63 (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct App. 2003). We grant pro se litigants "a certain amount of leeway" in the preparation of their appellate briefs. *Hessmer*, 138 S.W.3d at 903 (citing *Whitaker*, 32

S.W.3d at 227; *Paehler*, 971 S.W.2d at 397). This means that courts "measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." *Id.* at 903-04 (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998)).

I.      Procedural issues.

Petitioner's first argument is that the trial court erred in granting the Estate's motion to dismiss because the motion was "procedurally flawed." More specifically, Petitioner asserts that the Estate did not address the allegations in her complaint and "did not assert that the allegations in the Motion to Set Aside the Executor's Deed failed to establish a cause of action . . . ." We respectfully disagree.

In its motion to dismiss, the Estate argued that "all of the claims and demands and allegations or opinions of fact or law as raised in the pleadings . . . should be summarily dismissed as a matter of law." Thus, the Estate essentially asserted that the allegations in Petitioner's complaint failed to state a claim upon which relief can be granted. *See* TENN. R. CIV. P. 12.02(6).

The grant or denial of a motion to dismiss involves a question of law, which we review de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.,* 356 S.W.3d 889, 895 (Tenn. 2011). A party who files a motion pursuant to Tenn. R. Civ. P. 12.02(6) asserts that the plaintiff has failed to state a claim upon which relief can be granted. The motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *see also Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003). A Rule 12.02(6) motion is resolved by examining the pleadings alone; if the plaintiff can prove any set of facts in support of the claim(s) asserted, the motion should be denied. *Webb*, 346 S.W.3d at 426. The moving party "'admits the truth of all the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014) (quoting *Webb*, 346 S.W.3d at 426) (further citations omitted). When ruling on Rule 12.02(6) motions, courts are to "'construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Webb*, 346 S.W.3d at 426) (further citations omitted).

Although a trial court must liberally consider and construe all factual assertions in ruling upon a motion to dismiss, this rule does not extend to conclusory allegations. *See Polite v. Metro. Dev. & Hous. Agency*, No. M2007-02472-COA-R3-CV, 2008 WL 3982915, at *3 (Tenn. Ct. App. Aug. 26, 2008) (finding that the plaintiff "failed to state 'factual' allegations, as distinguished from 'conclusory' allegations," that would entitle her

- 3 -

to relief).  In the present case, Petitioner's requests for relief were based upon her interpretation of the 1967 deed and Mr. Derryberry's unprobated will.  The proper construction of a deed or a will is a question of law, a matter we review de novo with no presumption of correctness. *KT Grp., LLC v. Lowe*, 578 S.W.3d 1, 4 (Tenn. Ct. App. 2018); *In re Estate of Christian*, No. E2015-02276-COA-R3-CV, 2017 WL 729753, at *2 (Tenn. Ct. App. Feb. 24, 2017) (citing *McBride v. Sumrow*, 181 S.W.3d 666, 669 (Tenn. Ct. App. 2005)).  The trial court here considered the facts alleged in the complaint and construed Mr. Derryberry's (unprobated) will and the 1967 deed in the context of those facts.  As discussed in full below, we have concluded that the trial court properly granted the Estate's motion to dismiss under the applicable law.

Petitioner also raises the argument that the Estate "failed to file a responsive pleading" to her petition and that the allegations in the petition should therefore be "deemed admitted in accordance with Tenn. R. Civ. P. 8.04."  However, Petitioner misconstrues the applicable law.  Tennessee Rule of Civil Procedure 12.01 addresses the timeliness of pleadings and provides, in pertinent part:  "The service of a motion permitted under this rule alters these periods of time . . . ."  Rule 12.02 describes motions permitted under Rule 12, including a motion for "failure to state a claim upon which relief can be granted." TENN. R. CIV. P. 12.02(6).  The rule further requires that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted."  TENN. R. CIV. P. 12.02(6).  If the motion to dismiss had been denied by the trial court, the Estate would have had "15 days after notice of the court's action" within which to file a responsive pleading. *See* TENN. R. CIV. P. 12.01.

We find no merit in Petitioner's arguments concerning Tenn. R. Civ. P. 12.02(6).

II.     Construction of 1967 deed.

Petitioner argues that the trial court erred in interpreting the 1967 deed as conveying a tenancy by the entireties.  According to Petitioner's reasoning, the deed created an "estate by the entireties" and entitles Petitioner to relief.  For the reasons set forth below, this argument fails.

The primary concern of a court when interpreting a deed is "ascertaining the intention of the grantor." *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 466 (Tenn. 2012).  We "ascertain the grantor's intent from the words of the deed as a whole and from the surrounding circumstances." *Id*; *see also Neeley v. Neeley*, No. M2008-01575-COA-R3-CV, 2009 WL 1076740, at *3 (Tenn. Ct. App. Apr. 21, 2009) (citing *Barber v. Westmoreland*, 601 S.W.2d 712, 714 (Tenn. Ct. App. 1980)).

In making her argument concerning the deed, Petitioner focuses upon the following provision appearing at the end of the instrument:

> To Have and to Hold the same to the said Ruby Derryberry and her heirs forever I covenant with the said Ruby Derryberry that I am lawfully seized of said land, and have a good right to convey the same, and that it is unencumbered in any way; and I bind myself and heirs to warrant and forever defend the title of the same to the said Ruby Derryberry and her heirs forever, against the lawful claims of all persons.

She asserts that this clause "clearly indicates that Rubye Derryberry's heirs were to receive the Derryberry Farm upon the death of Brooks Derryberry." As stated above, a deed must be interpreted as a whole with consideration of all of its provisions. The beginning of the deed sets forth the grantor's intention in plain language: "to create a tenancy by the entireties." We agree with the trial court's reasoning that the deed's final paragraph, relied upon by the Petitioner, "does not name a contradictory interest and is entirely consistent with the creation of a tenancy by the entirety where Brooks predeceases Rubye." *See Bennett v. Langham*, 383 S.W.2d 16, 19 (Tenn. 1964) ("It should not be assumed that the grantor intended to contradict himself and the court should lean to a construction which avoids such a contradiction.").

Petitioner alleges facts surrounding the execution of the 1967 deed to suggest that Mr. Derryberry's intent was different than that expressed by the language of the deed. Petitioner acknowledges that, when Rubye died, Mr. Derryberry was the surviving tenant by the entirety with "fee simple ownership" of the Farm. Petitioner goes on to state, however, that "upon the death of Brooks Derryberry, the ownership of the Derryberry Farm reverted to the remaindermen in the 1967 Warranty Deed, Rubye's heirs." Petitioner's reasoning here conflicts with the nature of the estate created by the 1967 deed, a tenancy by the entireties.

The two defining characteristics of a tenancy by the entirety are (1) the right of survivorship and (2) inalienability.[2] *See In re Estate of Fletcher*, 538 S.W.3d 444, 448 (Tenn. 2017); *Robinson v. Trousdale Cnty.*, 516 S.W.2d 626, 632 (Tenn. 1974). Pursuant to the right of survivorship, if one tenant dies, the other owns the entire property in fee simple. *In re Fletcher*, 538 S.W.3d at 448; *see also In re Garretson*, 6 B.R. 127, 130 (Bankr. E.D. Tenn. 1980). Contrary to the apparent assumption underlying some of Petitioner's arguments, Mr. Derryberry did not hold a life estate upon Rubye's death.

---

[2] Tennessee Code Annotated section 66-1-109 describes how a tenancy by the entireties can be created:

> Any married person owning property or any interest therein in such person's own name, desiring to convert such person's interest in such property into an estate by the entireties with such person's spouse, may do so by direct conveyance to such spouse by an instrument of conveyance which shall provide that it is the grantor's intention by such instrument to create an estate by the entireties in and to the entire interest in the property previously held by the grantor.

Rather, in accordance with the law pertaining to a tenancy by the entireties, he held the Farm in fee simple. In *Quarles v. Arthur*, 231 S.W.2d 589, 590 (Tenn. Ct. App. 1950), cited by Petitioner, the deed conveyed real property to "S. E. Quarles to her [for] her life time then to her heirs of her body." Rejecting the argument that language in the habendum clause showed an intent to convey a fee simple estate, the court held that the deed conveyed a life estate. *Quarles*, 231 S.W.2d at 591. Thus, *Quarles* did not involve a tenancy by the entireties and does not support Petitioner's position.[3]

Petitioner cites the proposition set forth in *Richards v. Taylor*, 926 S.W.2d 569, 571 (Tenn. Ct. App. 1996), that a deed should be interpreted "by an objective standard, *i.e.*, what a reasonable onlooker would conclude the parties intended from the words expressed in the instrument." We agree and conclude that the reasonable interpretation of the language used in the 1967 deed is that the instrument conveyed a tenancy by the entirety, thereby depriving Petitioner of any interest in the Farm.

III.     Fraud.

Petitioner's final argument is that the trial court "erred in failing to consider and make findings on the issues of fraud by the Berrymans that caused the theft of the Derryberry Farm from the Remaindermen on the 1967 deed."

Petitioner's Motion to Set Aside Executor's Deed (her petition for purposes of the present case) contains the following pertinent allegations:

> 10. That Rubye Blackwood Derryberry, her parents James T. Blackwood, his wife Mary Emma Cypert Blackwood were life long residents of McNairy County, Tennessee, as were, and are many Blackwood and Derryberry family members. Had proper Notice been given that the probate proceedings in the instant case involved the Derryberry family home and real property, some of the Blackwood or Derryberry family members in the area would have contacted [Petitioner] and other heirs, and made them aware that their old family home and real property were at risk of being stolen.
>
> . . . .
> 12. . . . The Deed [executed in November 1967 in which Brooks Derryberry's sister, Jewel Moore, sold her interest in one parcel now constituting the Farm to Brooks and Rubye] is not relevant at all in the instant case, as the Executrix led this Court to believe. Rather, [the 1967 deed] is the Deed . . . that is relevant in determining the lawful owner of [the Farm]. This Deed was concealed from the Court in the instant Probate proceedings.

---

[3] Because Mr. Derryberry did not hold a life estate, Petitioner's reliance on Tenn. Code Ann. § 66-1-106 is likewise misplaced.

. . . .

16. Upon information and belief these Quit Claim deeds [by which the Baker heirs conveyed their interests in the Farm to other family members] were a means to further conceal the illicit activities involved in the instant case in connection with the theft of the Derryberry heirs' real property and family log home . . . .

17. That as a result of the fraudulent deeding of the Derryberry's family log home and real property by the Executrix to herself and siblings in the instant case, and they took unlawful possession of the real property and the Derryberry home. The Derryberry family home and the real property have been irreparably damaged by the heirs in the instant case. . . . The heirs in the instant case have erected a fence and a locked gate preventing the Derryberry heirs from gaining access to their family home and real property.

Elsewhere in her brief, Petitioner acknowledges that Mr. Derryberry's unprobated will "had no remainder clause and the anti-lapse statute is not applicable because Rubye Derryberry had no children." She then bases her appellate arguments on the 1967 deed. The assertions of fraud made in the petition are irrelevant because the 1967 deed is the determinative document. Conclusory statements of fraud do not constitute factual allegations entitled to the presumption of truth. *See Polite*, 2008 WL 3982915, at *3. If we assume the truth of Petitioner's underlying factual assertions, they do not change the outcome of the case. At Rubye's death, Mr. Derryberry obtained fee simple ownership of the Farm and Petitioner and her family had no legal interest in the subsequent disposition of the property.

The allegations of fraud and theft in the complaint stem from Petitioner's erroneous view of the law and are without merit.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Mary Kay Mutters-Edelman, and execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE